FILED
CLERK, U.S. DISTRICT COURT
JUN 24 2025
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

```
 1  CALIFORNIA MENS COLONY
 2  ROBERT A. GOINS BL-8291
    P.O. Box 8101
 3  San Luis Obispo, Ca. 93409
 4              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
 5                  WESTERN DIVISION
 6
                                          CASE NO:
 7                                        25-cv-02168-SB-BFM
 8                                        Plaintiffs Memorandum of
                                          Points and Authorities
 9                                        In Support of Plaintiffs
                                          Opposition To: Defendants
10  ROBERT GOINS,        )                Motion To Dismiss
11  Plaintiff,           )
12  v.                   )
    Eugene Kranz, et al.,)
13  Defendants.          )
14  ---------------------)
15
16
17
18    I.
19
20            JUDGE: THE HONORABLE MAGISTRATE
                    BRIANNA FULLER MIRCHEFF
21         TRIAL DATE:
                    None Set
22         ACTION FILED:
23                  MARCH 10, 2025
24
25
26
27                    [2]
28
```

# INTRODUCTION

Plaintiff, a California inmate, filed the instant pro se civil rights complaint under 42 U.S.C. 1983; against Defendants Psychologist Eugene Kranz; and Senior Supervisor Psychologist Elizabeth Heidler; for violating Plaintiffs Eighth Amendment Rights, and Plaintiffs Fourteenth Amendment Rights, on March 26, 2023; while being housed at the Restrictive Housing Unit, located at the California Mens Colony.(C.M.C.)

Defendants deliberately failed to provide Crisis Intervention Treatment for the Plaintiffs suicidal ideations; causing harm to the Plaintiff that was forseeable. Plaintiff Goins suffered serious injuries to his thorax, and shoulder area, after the Plaintiff attempted to hang himself inside his assigned housing unit cell.

Defendants disregarded the risk to the Plaintiffs healh and safty by failing to train and supervise subordinate employees; and by failing to take reasonable measures to abate the risk to the Plaintiff.

Plaintiff was treated invidiously dissimilar to similar situated inmates without a rational basis for doing so.

II.

## STATEMENT OF DISPUTED FACTS

Defendants Motion To Dismiss under Federal Rules of Civil Procedures 12(b)(6); for failure to state a claim; should be denied in its entirety.

Defendants posits that the Plaintiffs initial petition contains claims that are speculative and conclusory.

Defendants are mistaken.

This argument must fail.

Service of Plaintiffs initial complaint was ordered on the Defendants E.Kranz and E.Heidler; on March 19, 2025.

Then on June 2, 2025: Defendants motioned for partial dismissal of Plaintiffs Fourteenth Amendment equal protection of the laws claims as to both Defendants; premised on the mistaken theory that the Plaintiffs facts as they are presented to the Central District Court; are speculative and conclusory, therefore unable to state a claim for with relief can be granted.

[3]

1  Evenmore,Defendants argue that only Defendant Eugene Kranz;"should be
2  permitted to continue at this early stage of the
3  pleadings is the following claim: an Eighth
4  Amendment claim premised on deliberate indifference
5  to a serious medical need against Dr.Kranz.All other
6  claims and parties should be dismissed...."
7  [ECF 16-1:at pg.25]
8     Defendants request should be denied as a matter of law.
9  Plaintiffs complaint and the claims therein can only be dismissed by the
10 Central District Court if the Court declares that the complaint appears
11 beyond any doubt that the Plaintiff cannot prove any set of facts in
12 support of his claims that would entitle Plaintiff to relief.It is well
   established by substantive case law that the Plaintiffs factual allegations
13 must be accepted as true,and the Central District Court must draw all
14 inferences in favor of the Plaintiff.
      Therefore,Defendant Elizabeth Heidler;should be made to answer to the
15 Plaintiffs claims that the Defendant violated Plaintiffs Eighth Amendment
16 Rights and Plaintiffs Fourteenth Amendment Rights as they are enumerated
17 in the complaint filed on 3/19/2025.[see ECF 6]
      Here,the Defendant argues the truth of the Plaintiffs supporting facts
18 as they are contained within the complaint.This argument must fail in so
19 much as the Central District Court has/have already construed the facts
20 as true,before service of the complaint was ordered on the Defendant E.
   Heidler; on3/19/2025.Defendants position is suited more appropriately for
21 summary judgment proceedings rather than a rule 12(b) motion to dismiss.
22 For Example:Plaintiffs complaint is not facially deficient so much so that
23 amendment of the complaint would be futile.
   Plaintiff has not engaged in discovery procedures that would enable the
24 Plaintiff an opportunity to possibly gather evidence admissible at trail
25 to prove by the preponderance of the evidence these violations occured as
26 they are described in the Plaintiffs initial complaint.
   It would be improper to dismiss any claims and/or Defendants at this stage
27 of these proceedings for the reasons stated below.
28                                                [4]

III.

# LEGAL STANDARD

Initially, the Central District Court must review the Plaintiffs pleadings liberrally and afford the Plaintiff the benefit of the doubt.[**Erickson v. Pardus,551 U.S. 89,94(2007)**]

It is enough that the Plaintiffs complaint alleges enough specific facts to provide both "fair notice" of the particular claim being asserted and the "grounds upon which that claim rests".[**Bell Atl. Corp. v. Twombly,550 U.S. 544,555 & n.3(2007)**]

**Plaintiffs**, initial pleadings meets this threshhold requirement and as a result the Defendant Elizabeth Heidler;should be required to answwer to the Eighth Amendment Right violation alleged against the Defendant,as well as the Fourteenth Amendment Right violation alleged in the Plaintiffs initial complaint.[**ECF 1;filed on 3/10/2025**]

   **Defendants)** "Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)";for failure to state a claim for which relif can be granted; should fail as a matter of law.

For Example:Defendant argues that the Plaintiff has lodged "speculative, conclusory" allegations that inmates complained to Dr.Heidler about Dr.Kranzs "lack of professionalism".[**ECF 16-1;at pg.17 of 26**]

Defendant does not complain that the complaint or the alleged violations are "implausible";which is the standard for a motion to dismiss under 12(b)(6).

The Defendants position must fail and the District Court should require the Defendant E.Heidler to answer to the violations enumerated within the body of the complaint.

It has been well established that Supervisors cannot escape liability by virtue of their having turned a blind eye to the facts or inferences strongly suspected to be true[**Coleman v.Wilson,1282-1316,912 F.Supp. Eastern Dist. Cal.(1995);HN*26**]

Here Defendant E.Heidler, actually interviewed the Plaintiff on January 10,2023;and was intimately aware of the Plaintiffs;Major Depressive Disorder and daily Auditory Hallucinations issues.[**see Exhibit A: Mental Health Documentation 1/10/2023**]

It was therefore encumbent upon the Defendant to properly train those subordinate employees and to alert them that inmates with these case factors where being housed at the C.M.C. Res.housing unit.

[5]

1  The most disturbing fact alleged by the Plaintiff is the denial of Crisis
2  Intervention Treatment by Defendant E.Kranz.The reckless disregard for the
3  Plaintiffs health and safety is/was appalling,even to the defendant himself
4  who after reflecting on his conduct apologized to the Plaintiff the following day after the Plaintiffs suicide attempt.
5  Defendant E.Heidler,was keenly aware that inmates faced a substantial
6  risk of harm,while being housed at the RHU,at C.M.C.;Defendant E.Heidler
7  chose to disregard this risk by failing to take reasonable measures to abate it.[Farmer v.Brennen,511 U.S. 825,HN*13] also see[coleman vwilsom,supra. at
8  *1315 declaring:"Plaintiffs consist of a group of inmates who have serious
9      mental disorders.it is undisputed that failure to provide
10     treatment for these disorders"could result in further
    significant injury or the unnecessary and wanton infliction
11     of pain......it is apparent that due to a systematic failure to
12     provide adequate mental health care thousands of class members
    suffer present injury and are threatened with great injury in
13     the future......"(Coleman at* 1315 supra.) ]
14 Defendants cannot argue that the Defendant is being held liable based solely
15 on[her] job title and job responsibilities.[ECF 16-1:at pg.18 of 26]
16 Defendant was put on notice by RHU inmates that they were being subjected to an unreasonable standard of care and being denied Crisis Intervention
17 Treatment.[**Plaintiffs Declaration herein:Exhibit B**]-
18 The Wilson court also declared:...."CDCR has no effective method
19     for ensuring either  the competence of their staff
    or that inmates have access to adequate mental health
20     care....."[Coleman supra.*at1308]
21 Fair notice was afforded to the Defendant E.Heidler in this matter
that the Plaintiffs Eighth Amendment Rights were in jeopardy of being
22 violated.
23 Defendants argument must fail on this issue.[ECF 16-1:at pg.18 of 26]
24 The Central District Court should rule that the conduct of the Defendant
25 E.Heidler rises to the level of deliberate indifference in this matter.
[Coleman supra.*atHN 26]
26 "Defendants have known about these gross deficiencies in their system
27   for years...."[id.HN26]
                        [6]
28

1 On April 25,2025;Defendants alerted the Plaintiff that they would soon be
2 in possession of the Plaintiffs medical records.[see Exhibit C:letter from
Dep. Attorn. Gen. Macklin Thornton;dated 4/25/2025]
3    Plaintiffs supporting facts alleges violations by Defendant E.Heidler;
4 that can be proven by evidence contained in the Plaintiffs central file
5 records.
Defendants requested proof from the Plaintiff that the Defendant E.Heidler;
6 was made aware that the Defendant E.Kranzs conduct violated the Plaintiffs
7 Constitutional rights as they are enumerated within the Plaintiffs initial
8 complaint.[see ECF 16-1;pg. 17-of- 26 stating:"Plaintiff does not
              allege any basis for HOW HE KNOWS WHAT DR.HEIDLER
9              KNEW..."(Emphasis added)]
10 Plaintiff should therefore be granted the opportunity to conduct discovery
11 under Rule 34 Production of Document Request for;E-Mails;Mental health care
records;and related relevant documents to support Plaintiffs allegations.
12    Plaintiffs complaint names inmate J.Mend and inmate F.Riggs as possible
13 witnesses to the events of 3/26/2025.These same inmates would be relevant
in order to support the Plaintiffs allegations that complaints against
14 Defendant E.Kranz was made to the Defendant E.Heidler;before the events
15 complained about on 3/26/2025.[see EX.B]
16 Defendants,moving papers are confusing,in this respect;it appears as if
17 the Defendant argues that the Plaintiff cannot prove the truth of the
allegations contained within the initial complaint.
18    Plaintiff is not required to offer proof at this early stage of the
19 proceedings to support the facts contained within the complaint.The Central
District Court is required to accept as true "all" material facts alleged
20 in the complaint.[see Ashcroft v Iqbal,556 U S 662,at*HN 10;HN 13;then
21    Gebreyohannes v Radel,2025 U S Cent.Dist.CT. 2025Lexis 15275;at *3]
22 Defendant Motion to Dismiss under 12(b)(6);is deficient and should be denied.
   Defendant Elizabeth Heidler failed to adequately train/supervise
23 subordinate employees under the Defendants direct supervision;as a result
24 of the Defendants omissions  Plaintiff R.Goins suffered harm that was
25 forseeable.The facts needed to support this claim are enumerated within
Plaintiffs initial complaint filed om 3/10/2025.[ECF 1]
26

27                              [7]
28

1  B.) -Defendants contend that both Defendants should escape liability
2  for violating the Plaintiffs Fourteenth Amendment Rights.This arguement
3  has no merit and should be denied in its entirety as to both Defendants.
4     For Example:Plaintiffs right to have his pleadings liberally construed
   is vehemently attacked by the Defendants motion papers.[see ECF 16-1:at
5  pg.18 of 26 thru pg.21 of 26]
6  Nevertheless,Defendants cannot reframe the Plaintiffs position on the
7  Plaintiffs 14th Amendment Equal Protection claim.[ECF 16-1;at pg.20 of 26
          stating:...."Plaintiff also does not advance a viable
8         equal protection claim because he cannot plead or show
9         that RHU inmates are similarly situated to general population
10        inmates......" ]
11 Under scrutiny the Central District Court will conclude that the Defendats
   are mistaken that the Plaintiffs initial complaint attempts to demonstrate
12 that RHU inmates ARE similarly situated to general population inmates; for
13 the sole purpose of advancing a cognizable theory under the 14th Amendment.
14 Plaintiff is part of the California Department of Corrections and REHAB.
   Mental Health Delivery System(MHDS).Similar situated inmates within this
15 group are being treated invidiously dissimilar.It is largely irrelevant
16 that these inmates are housed at different facilities within C.M.C.
17 The discriminatory conduct complained about is the denial of mental health
   care based solely on the Plaintiffs housing unit within CDCR.[ see Furnace v
18  Sullivan,2008 US Dist.Lexis 93464,*at 5 stating:....the court must
19     construe the complant in the light most favorable to the Plaintiff
       and accept all factual allegations as true....Federal courts
20     are particularly liberal in construing allegations made in pros  se
21     civil rights complaints....courts ....may consider exhibits attached..]
22 Plaintiff is classified as an Enhanced Outpatient Program inmate within the
23 CDCR facility.Plaintiff suffers from a serious mental health issue that
   requires a higher level of care than inmates within the MHDS classified as
24 CCCMS.Treatment for these mental health issues are mandatory while tthe
25 Plaintiff is under the jurisdiction of CDCR.Plaintiff cannot be denied
26 adequate mental health care treatment based solely on his housing assignment.
      This basic equal protection right was withheld from the Plaintiff by the
27 Defendants on 3/26/2023;at C.M.C.[see ECF 1]
28                                [8]

The State of California Department of Corrections is required under the Equal Protection Clause; must treat all similarly situated people equally. [ Mendez v Barnes, 2025 U S Cent. Dist. Lexis 33837;*at 18]

This basic fundamental right was withheld from the Plaintiff by the Defendants in this matter.[ECF 1]

The obligation to provide for the basic human needs of prisoners/inmates by the Department of Corrections(CDCR); includes a requirement to provide access to adequate mental health care.[Coleman supra.*at 1298]

The Colman cort found:"overwhelming evidence of the systemic failure to deliver necessary care to mentally ill inmates in California prisons....."

[Brown v Plata, 563 U S 493,*at 506]

Again the Plata court found it necessary to declare:"no effective method for ensuring the competence of their staff..[id.at 506]" **exists** within the CDCR facilities. This declaration by the Plata court supports the Plaintiffs claims in his initial complaint that the Defendant E.Heidler failed to train/supervise subordenate employee E.Kranz; and that failure caused serious injury to the Plaintiff on March 26,2023; that was forseeable. There exists genuine issue of material fact here on this matter.

## Conclusion

Defendants are not entitled to any of the relief asked for in their moving papers filed on 6/2/2025.[ECF 16-1]

The allegations and claims put forth in the Plaintiffs initial complaint are plausible and therefore cannot as a matter of law be dismissed under Federal Rule of Civil Procedure 12(b)(6); as prayed for by the Defendants. The injuries suffered by the Plaintiff was forseeable by the Coleman court and they predicted this very scenario in there decision well over 40 years ago.

Defendants were given "Fair Notice"; and made no attempt to remedy the defencies complained about by the Plaintiff on 3/10/2025.[ECF1]

The Central District Court should deny the Defendants motion in its entirety.

Dated: June 15, 2025

[9]

Respectfully Submitted,

CALIFORNIA MENS COLONY
ROBERT A. GOINS BL-8291
P.O.BOX 8101
San Luis Obispo,Ca.93409

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DISTRICT

ROBERT GOINS, )
Plaintiff, )
 v. )
E.KRANZ,et al., )
Defendants. )
------------------)

CASE NO.:
25-cv-02168-SB-BFM
DECLARATION OF R.GOINS
IN SUPPORT OF THE
PLAINTIFFS OPPOSITION
TO THE DEFENDANTS
MOTION FOR SUMMARY
JUDGMENT UNDER 12(b)(6)

I,ROBERT GOINS,DECLARE:

1.) I am the Plaintiff in this matter:"Goins v. Kranz,25-cv-02168-SB-BFM". I am over the age of eighteen,and I have personal knowledge of the facts stated in this declaration.If called to testify,I could do so competently to those facts.

2.) On January 8,2023, I spoke with Defendant Elizabeth Heidler,at the Restrictive Housing Unit at the California Mens Colony,due to the suicidal ideations Iwas experiencing on that date.

3.) The clinical contact was conducted in a confidential setting.

4.) No CDCR custodial personnel were present during my interview.

5.) During the interview I explained to the Defendant Elizabeth Heidler that I suffer from auditory hallucinations on a daily basis.

6.) during the interview I explained to the Defendant Elizabeth Heidler that I was experiencing serious depression,hopelessness,and fear.

7.) During the interview Defendant Elizabeth Heidler spoke with me about the prescribed medications I was currently taking,and had an order for.

[1]

8.) On March 26, 2023; I spoke with Defendant E. Kranz; and eplained that I was dealing withn an overwhelming urge to harm myself.

9.) During the interview Sgt. Powell was present in the immediate area.

10.) The interview conducted with the Defendant E. Kranz was not confidential.

11.) I requested a confidential setting for the emergency Mental Health Referal Chrono interview.

12.) Defendant E. Kranz denied my request for a confidential setting during the emergency referal chrono interview.

13.) Defendant appeared to challenge me to hurt myself on 3/26/2023.

14.) On 3/26/2023; I expressed to the Defendant E. Kranz that I was experiencing a strong urge to harm myself. I explained that I intended to hang myself.

15.) Soon after returning to my assigned housing unit RHU 4267 I attempted to hang myself and suffered serious injuries to my thorax and shoulder area.

16.) Defendant E. Kranz denied me Crisis Intervention Treatment on 3/26/2023.

17.) Defendant E. Kranz would routinely deny Crisis Intervention Treatment to inmates.; who expressed suicidal ideations.

18.) Inmate F. Riggs E-57337, complained to Defendants Supervisor Elizabeth Heidler about Defendant E. Kranzs denial of Crisis Intervention Treatment.

19.) Defendant Elizabeth Heidler did not at any time respond to the complaints against Defendant E. Kranz.

20.) Defendant Elizabeth Heidler was put on notice that the Defendant E. Kranz routinely denied crisis intervention treatment to inmates at C.M.C.; RHU.

21.) Defendant E. Kranz on March 27, 2023; at C.M.C.-East housing unit 7106 apologized to the Plaintiff for denying the Plaintiff proper mental health care for the suicidal ideations he was experiencing the day before.

I, declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this 15th day of June 2025; at the California Mens Colony, San Luis Obispo, Ca. 93409

RESPECTFULLY SUBMITTED,

[2]

# EXHIBIT A

1 PAGE

MENTAL HEALTH DOC

**CMC - California Men's Colony**

Patient: **GOINS, ROBERT ANTHONY**
DOB/Age/Sex: 8/1/1987  / 35 years  / Male          CDCR: BL8291

## Mental Health Documentation

Thought Process: Linear and goal oriented.
Thought Content: Reality based.
Perception: AH/VH denies. No delusional content reported.
Insight: Fair.
Judgment: Fair.
**Collateral:**
**Psychiatry:** No changes to meds. IP reported no side effects or issues with meds.
**Medical:** Nurse stated there are no medical concerns that could impact mental health.
**Custody:** CC1 Stated RVR is pending, no further information available.
**Tier:** No issues reported.
Team agreed to retain IP at current LOC and granted full issue Q30 due to denying SI. Treatment to focus on decreasing SI.

Encounter Info: Patient Name: ROBERT GOINS,DOB: 08/01/1987,CDCR: BL8291,FIN: 97240,Facility: CMC,Encounter Type: Inpatient MH

Electronically Signed on 01/09/2023 11:49 AM PST

Garcia, Margarita Licensed Psychologist, Licensed P

Document Type:           MHPC Inpatient Progress Note
Document Subject:        MH PC Note
Service Date/Time:       1/10/2023 16:25 PST
Result Status:           Auth (Verified)
Perform Information:     Heidler,Elizabeth Sr.Psychologist Supervisor (1/10/2023 16:31 PST)
Sign Information:        Heidler,Elizabeth Sr.Psychologist Supervisor (1/10/2023 16:44 PST)
Authentication Information: Heidler,Elizabeth Sr.Psychologist Supervisor (1/10/2023 16:44 PST); Heidler,Elizabeth Sr.Psychologist Supervisor (1/10/2023 16:44 PST)

**Inmate's Program and Level of Care**
MHCB LOC Confidential Contact 1152-1217

**New Issues/Complaints**
Presenting Problem MH

01/08/23 08:44:00
Per MHCB intake IP was rehoused to MHCB for SI on 01/07/2023 "Patient agitated, anxious and distressed following his being informed he would be placed in ASU secondary to allegations his visitor was attempting to introduce illicit substances to the institution through visiting. Patient made little eye contact, indicated"I hear voices and all that"," I don't know who my clinician is". Patient notes he will kill himself if placed in ASU,"if I go up to AdSeg I am going to kill myself, I know what I am going to do. I don't deserve to be up there". Patient was unable to identify ways of coping or ability to tolerate the current

**Problem List/Past Medical History**
Ongoing
Adult antisocial behavior
Alcohol use disorder, severe, dependence
Diabetes mellitus
Historical
No qualifying data

**IPOC Goals**
**Current IPOCs**
**Goals(Activated):**
Danger to Self IPOC(Initiated) 01/08/2023 13:58
**Outcomes & Interventions**

Report Request ID:   65825605                              Print Date/Time:   2/16/2023 09:36 PST

**WARNING:** This report contains confidential, proprietary, and/or legally privileged information intended for the recipient only.



EXHIBIT B
*[SEE DECLARATION]
2 pgs.

# EXHIBIT C

DoJ 4/25/2025

1. Pg



# CALIFORNIA
# DEPARTMENT OF JUSTICE

**Rob Bonta**
*Attorney General*

600 WEST BROADWAY, SUITE 1800
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 738-9000
Telephone: (619) 321-5166
Facsimile: (916) 732-7920
E-Mail: Macklin.Thornton@doj.ca.gov

April 25, 2025

Robert Anthony Goins, BL8291
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA 93409-8101

RE: *Robert A. Goins (BL8291) v. E. Kranz, et al.*
U. S. District Court, Central District of California Case No. 2:25-cv-02168-SB-BFM

Dear Mr. Goins:

This office represents Defendants Heidler and Kranz in this action.

Copies of all pleadings, motions, or other documents required to be served upon these defendants must be served upon me at the above address in San Diego. Service at any other address is defective.

Under section 3370(e) of Title 15 of the California Code of Regulations, this office will be requesting that the California Department of Corrections and Rehabilitation provide documents from your central file. If you allege any injury to your health, this office will also request documents from your unit health record.

Sincerely,

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General

For    ROB BONTA
       Attorney General

MT: jt

LA2025400772
CLS - Letter to Inmate-New Case.docx



CALIFORNIA MENS COLONY
DANIEL ROWE H90917
D8-8135
P.O.Box 8101
San Luis Obispo, Ca. 93409

Assisting Plaintiff

POSTAGE DUE

STATE PRISON
GENERATED MAIL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

RECEIVED
CLERK, U.S. DISTRICT COURT
JUN 24 2025
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

OFFICE OF THE CLERK: 255 EAST TEMPLE STREET, RM.180

LOS ANGELES, CALIF. 90012

INDIGENT
LEGAL MAIL

