ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN W. THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>Defendants. | 2:25-cv-02168-SB-BFM<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**<br><br>Judge:    The Honorable Brianna Fuller Mircheff<br><br>Action Filed: 3/10/2025 |

## INTRODUCTION

Defendants E. Kranz and E. Heidler's (collectively, Defendants) motion to dismiss (Doc. No. 16) should be granted.  Through his opposition, Plaintiff Robert Anthony Goins (Plaintiff) attempts to avoid his Complaint's defects.  *See* Doc. No. 20.  But Plaintiff's opposition misses the mark.  Plaintiff glosses over the core aspects of Defendants' motion and does not point to allegations or case law that can save the majority of his claims.

Accordingly, the Court should grant Defendants' motion to dismiss and dismiss Plaintiff's (1) Eighth Amendment medical indifference claim as to

Dr. Heidler, (2) Fourteenth Amendment equal protection claim as to both Defendants, and (3) confidentiality claim as to both Defendants. *See* Doc. No. 16.

# ARGUMENT

## I. THE COURT'S SERVICE ORDER DOES NOT DEPRIVE DEFENDANTS OF THEIR RIGHT TO CHALLENGE PLAINTIFF'S COMPLAINT

Plaintiff appears to suggest that his allegations are sufficient because the Court ordered service on Defendants. *See* Doc. No. 20 at 3 (referring to Doc. No. 6). But a screening or service order does not bar a motion to dismiss.

A Court's screening order does not preclude Defendants from moving to dismiss Plaintiff's unsupported claims. *See Quezada v. Long*, No. EDCV 15-613-VBF (KS), 2016 WL 11183875, at *5 n.3 (C.D. Cal. May 2, 2016) ("A screening order is not a determination under Rule 12(b)(6), but merely a preliminary review to whether the complaint should be served upon the named defendants. Such orders in no way abrogate a defendant's rights, as here, to challenge the sufficiency of the pleaded claims under Rule 12(b)(6)."), *report and recommendation adopted*, 2016 WL 4035656 (C.D. Cal. July 8, 2016); *see also Patrick v. Cnty. of Los Angeles*, No. 2:22-cv-02846-PA-BFM, 2023 WL 4291474, at *1 (C.D. Cal. May 10, 2023) (Mircheff, J.) ("[T]he screening-order process 'is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.'"); *James v. Perez*, No. 2:08-cv-01857-RRC, 2012 WL 5387676, at *2 (E.D. Cal. Nov. 1, 2012) ("[T]he screening and dismissal procedure under § 1915A 'is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring.' Section 1915A requires that this Court screen complaints sua sponte. To adopt [plaintiff's] position would deprive Defendants of the basic procedural right to challenge the sufficiency of the pleadings." (citation omitted)).

In its service order, the Court did not have the benefit of Defendants' briefing and did not provide a written analysis of Plaintiff's claims. With the benefit of Defendants' appearance and motion to dismiss, the Court can use the adversarial

system of motion practice to further assess defects in Plaintiff's allegations that warrant dismissal pursuant to Rule 12(b)(6).

## II. PLAINTIFF'S DESIRE TO PROCEED WITH DISCOVERY IS IRRELEVANT AT THE RULE 12(b)(6) PHASE

Without any legal support, Plaintiff argues that he deserves to proceed with discovery to prove his claim. *See* Doc. No. 20 at 3, 6. Again, this argument is unavailing.

Plaintiff cannot continue with his defective claims if his pleading does not advance a cognizable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"); *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) ("Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory.").

Although Plaintiff is proceeding *pro se*, Plaintiff cannot avoid his duty to advance a cognizable claim. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.").

## III. PLAINTIFF CANNOT RELY ON EXHIBITS NOT PART OF HIS COMPLAINT TO SAVE HIS DEFECTIVE ALLEGATIONS

Defendants object to Plaintiff's use of a declaration and exhibits in support of his opposition. *See, e.g.*, Doc. No. 20 at 4 (citing to exhibit); *see also id.* at 9–10 (declaration); *id.* at 20–15 (exhibits).

Plaintiff's offered exhibits do not fall into the permissible categories of documents that courts may consider when ruling on a Rule 12(b)(6) motion. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Plaintiff cannot use documents attached to an opposition to save his claims. *See W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Companies*, 498 F. Supp. 3d 1233,

1238 (C.D. Cal. 2020) ("To the extent Plaintiffs' Opposition cites to or relies upon other facts outside the Complaint, the Court will disregard them."); *Estorga v. Santa Clara Valley Transportation Auth.*, No. 16-cv-02668-BLF, 2016 WL 11523668, at *1 (N.D. Cal. Sept. 12, 2016) (disregarding facts not alleged in complaint or contained in documents attached to complaint).

## IV. PLAINTIFF DOES NOT POINT TO ALLEGATIONS TO SUPPORT HIS MEDICAL INDIFFERENCE CLAIM PREMISED ON SUPERVISOR LIABILITY

In response to Defendants' motion, Plaintiff argues that Dr. Heidler "failed to adequately train/supervise subordinate employees under the Defendants direct supervision; [sic] as a result of the Defendants omissions." *See* Doc. No. 20 at 6; *see also id.* at 5. Plaintiff adds that the supporting facts "are enumerated within [his] initial complaint." *Id.* at 6. Plaintiff's opposition lacks reference to specific nonconclusory allegations from his Complaint. *See id.* And more fatal: Plaintiff's underlying Complaint does not plead sufficient facts to support supervisory liability. *See* Doc. No. 16-1 at 17–18.

As detailed in Defendants' motion, Plaintiff does not provide any nonconclusory fact to show how Dr. Heidler was present or involved during the March 26, 2023 interaction between Dr. Kranz and Plaintiff. *See id.* at 17 (citing Doc. No. 1 ¶ 10–21 (p. 5). Plaintiff cannot elevate vague speculation and conclusory allegations to surmount his pleading obligations. *See Torres v. Paredes*, No. 22-cv-448-JES-JLB, 2023 WL 3855047, at *6 (S.D. Cal. June 6, 2023) ("Without any specific facts alleged, Plaintiff fails to show a causal connection between the defendant's alleged wrongful conduct and the constitutional violation."); *Govea v. Lee*, No. CV 20-5443-JFW (KS), 2020 WL 6083436, at *4 (C.D. Cal. July 1, 2020) ("[T]he Complaint does not identify any *specific* culpable action, or inaction, taken by Defendants . . .that would support holding them liable for the injury Plaintiff suffered.").

4

Plaintiff's speculation "is precisely the type of speculation that is forbidden." *Govea*, 2020 WL 6083436, at *4. Accordingly, the Court should dismiss Plaintiff's medical indifference claim against Dr. Heidler.

## V. PLAINTIFF'S EQUAL PROTECTION ARGUMENT IS BELIED BY HIS ALLEGATIONS AND HIS CLAIM IS FORECLOSED AS A MATTER OF LAW

Plaintiff does not offer support to breathe life into his equal protection claim, which perishes as a matter of law. In his Complaint, Plaintiff alleges that whereas *general population* Enhanced Outpatient Program inmates were only required to alert staff before receiving treatment for suicidal ideations, Dr. Kranz required *restrictive housing unit* (RHU) Enhanced Outpatient Program inmates "to attempt to harm themselves" before receiving treatment. Doc. No. 1 ¶¶ 50–51 (p. 8), ¶ 62 (p. 9), ¶¶ 70–72 (p. 9); ¶¶ 116, 119 (p. 14). Plaintiff's equal protection theory rests on alleged differences between general population and RHU inmates. *See id.* But in his opposition, Plaintiff retreats from this position. *See* Doc. No. 20 at 7. Plaintiff now argues that "Defenda[n]ts are mistaken that RHU inmates ARE similarly situated to general population inmates. *See id.* Plaintiff's opposition is unavailing for two reasons.

First, Plaintiff cannot use argument in an opposition to change his allegations. *See McQueen v. Brown*, No. 2:15-cv-2544 JAM AC P, 2019 WL 949442, at *8 (E.D. Cal. Feb. 27, 2019) ("Plaintiff may not expand or change the nature of her claims by making new allegations in opposition to a motion to dismiss."), *report and recommendation adopted*, 2019 WL 2491271 (E.D. Cal. June 14, 2019); *W. Coast Hotel Mgmt., LLC*, 498 F. Supp. 3d at 1238 ("To the extent Plaintiffs' Opposition cites to or relies upon other facts outside the Complaint, the Court will disregard them."); *cf. Ward v. Clark Cnty.*, 285 F. App'x 412, 412 (9th Cir. 2008) ("[A] party may not circumvent Rule 8's pleading requirements by asserting a new allegation in response to a motion for summary judgment.").

Second, Plaintiff's allegations fail to advance an equal protection claim as a matter of law. *See* Doc. No. 16-1 at 20–21 (citing support). Plaintiff's alleged theory of different treatment between general population and RHU inmates cannot advance a cognizable legal theory because the two populations are not similarly situated. *See id.*; *see also* Cal. Code Regs. tit. 15, § 3335(a) (stating the security factors that differentiate general population and Rhu inmates); *Rose v. Woodford*, No. 1:05-cv-01470-OWW-SMS-P, 2006 WL 845587, at *2 (E.D. Cal. Mar. 31, 2006) (dismissing equal protection claim when a Security Housing Unit inmate alleged similarity to inmates in the "Psychiatric Management Unit, Protective Housing Unit, and Administrative Segregation Unit"), *report and recommendation adopted*, 2006 WL 2285790 (E.D. Cal. Aug. 8, 2006).

Accordingly, the Court should dismiss Plaintiff's equal protection claim against Defendants without leave to amend.

## VI. PLAINTIFF IGNORES DEFENDANTS' MOTION AS TO THE CONFIDENTIALITY-BASED CLAIM

Although Plaintiff's Complaint appears to advance an unspecified constitutional violation of his confidentiality rights, his opposition does not address Defendants' motion on this claim. *Compare* Doc. No. 16-1 at 21–25, *with* Doc. No. 20 at 2–8. By not opposing dismissal Plaintiff's unspecified confidentiality claim, Plaintiff waived any opposition on this issue. *See Thompson v. Ferrso*, No. CV 20-8241-SVW (KS), 2021 WL 4456963, at *9 (C.D. Cal. May 26, 2021) ("Because Plaintiff has not argued against the dismissal of his Fourteenth Amendment claims in his Opposition to the Motion, Plaintiff has waived any argument to support those claims."). "[W]here a plaintiff simply fails to address a particular claim in its opposition to a motion to dismiss that claim, courts generally dismiss it with prejudice." *Lombana v. Green Tree Servicing, LLC*, No. LA CV 14-8330 JCG, 2015 WL 3999366, at *5 (C.D. Cal. June 29, 2015) (quoting *Moore v. Apple, Inc.*, 73 F. Supp. 3d 1191, 1205 (N.D. Cal. 2014)).

6

Accordingly, the Court should dismiss Plaintiff's confidentiality claim against Defendants with prejudice and without leave to amend.

## CONCLUSION

Plaintiff's opposition does not save him from the consequences of his defective Complaint. Instead of grappling with his Complaint's flaws, Plaintiff overlooks the substance of what he pleads and ignores the law underlying Defendants' motion to dismiss. As a result, Plaintiff's opposition amounts to a mere policy-based plea to avoid the consequences of his defective motion. This is insufficient to protect against dismissal.

Accordingly, the Court should dismiss Plaintiff's (1) Eighth Amendment medical indifference claim as to Dr. Heidler, (2) Fourteenth Amendment equal protection claim as to both Defendants, and (3) confidentiality claim as to both Defendants.

Dated: July 16, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN W. THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants E. Heidler and E. Kranz, certifies that this brief contains **1,795** words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: July 16, 2025                    Respectfully submitted,

                                                                              ROB BONTA
                                                                              Attorney General of California

                                                                              ***/s/ Macklin Thornton***
                                                                              MACKLIN W. THORNTON
                                                                              Deputy Attorney General
                                                                              *Attorneys for Defendants*
                                                                              *E. Heidler and E. Kranz*

# CERTIFICATE OF SERVICE

Case Name: **Robert A. Goins (BL8291) v. E. Kranz, et al.**  Case No. **2:25-cv-02168-SB-BFM**

I hereby certify that on July 16, 2025, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On July 16, 2025, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Robert Anthony Goins, BL8291**
**California Men's Colony**
**P.O. Box 8101**
**San Luis Obispo, CA  93409-8101**
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on July 16, 2025, at San Diego, California.

| C. Hernandez | |
|---|---|
| Declarant | Signature |

LA2025400772