ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>Defendants. | 2:25-cv-02168-SB-BFM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEFENDANTS' DEMAND FOR JURY TRIAL**<br><br>Judge:      The Honorable Brianna Fuller Mircheff<br>Action Filed: 3/10/2025 |

Defendants E. Kranz and E. Heidler hereby answer Plaintiff Robert Anthony Goins's Complaint, *see* Dkt. No. 1, as follows. Except as expressly admitted, Defendants deny every other allegation in the Complaint.

### A. PREVIOUS LAWSUITS

1.    Answering Section A(1) on page 1 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

2.      Answering Section A(2) on pages 1–2 of ECF 1, Defendants deny the allegations to the extent there are any and no response is necessary because Plaintiff did not answer "yes" in response to Section A(1).

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      Answering Section B(1) on page 2 of ECF 1, Defendants admit that there is a grievance or administrative remedy process for incarcerated individuals available at the institution in which the events alleged in the Complaint occurred.

4.      Answering Section B(2) on page 2 of ECF 1, Defendant admit that Plaintiff filed a grievance concerning Kranz but deny that Plaintiff filed a grievance concerning Heidler.

5.      Answering Section B(3) on page 2 of ECF 1, Defendants admit that the grievance procedure is completed regarding Kranz but deny that the grievance procedure was completed regarding Heidler.

6.      Answering Section B(4) on page 2 of ECF 1, this section contains instructions rather than factual allegations and therefore does not require a response.

## C. JURISDICTION

7.      Answering Section C's pre-numbered sections on pages 2–3 of ECF 1, Defendants admit that Plaintiff currently resides at California Men's Colony. Defendants admit that the at-issue alleged incident occurred at California Men's Colony on March 26, 2023.  Defendants deny that Plaintiff's civil rights were violated.

8.      Answering Section C(1) on page 3 of ECF 1, Kranz admits that he was a Clinical Psychologist at California Men's Colony at the time of the alleged incident.

9.      Answering Section C(2) on page 3 of ECF 1, Heidler admits that she was a Senior Psychologist Supervisor at California Men's Colony at the time of the alleged incident.

### D. CLAIMS

10.   Answering "Claim I"'s alleged violated civil right section on page 4 of ECF 1, this section contains legal conclusions rather than factual allegations and therefore does not require a response.  To the extent there are any factual allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

11.   Answering paragraph 1 on page 4 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

12.   Answering paragraph 2 on page 4 of ECF 1, Kranz admits that Plaintiff expressed suicidal ideation but denies that Plaintiff's ideations were credible. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

13.   Answering paragraph 3 on page 4 of ECF 1, Defendants deny the allegations in this paragraph.

14.   Answering paragraph 4 on page 4 of ECF 1, Defendants deny the allegations in this paragraph.

15.   Answering paragraph 5 on page 4 of ECF 1, Defendants deny the allegations in this paragraph.

16.   Answering paragraph 6 on page 5 of ECF 1, Defendants deny the allegations in this paragraph.

17.   Answering paragraph 7 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

18.   Answering paragraph 8 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

19. Answering paragraph 9 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

20. Answering paragraph 10 on page 5 of ECF 1, Kranz admits that he responded and interviewed Plaintiff as part of the Crisis Intervention Team. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

21. Answering paragraph 11 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations. When deployed to conduct a suicidal risk evaluation, the Crisis Intervention Team responds to a patient as a collective team.

22. Answering paragraph 12 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations. When deployed to conduct a suicidal risk evaluation, the Crisis Intervention Team responds to a patient as a collective team.

23. Answering paragraph 13 on page 5 of ECF 1, Kranz denies the allegations in this paragraph. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

24. Answering paragraph 14 on page 5 of ECF 1, Kranz admits that Plaintiff reported hearing about "bad news" regarding his son but lacks sufficient knowledge or information to admit or deny the specificity of the allegations and, on that basis, deny these allegations. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

25. Answering paragraph 15 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

26.    Answering paragraph 16 on page 5 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

27.    Answering paragraph 17 on page 5 of ECF 1, Kranz admits that Plaintiff could remain in his current housing assignment given that his suicidal ideations were not credible but lacks sufficient knowledge or information to admit or deny the specificity of the allegations and, on that basis, deny these allegations.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

28.    Answering paragraph 18 on page 5 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

29.    Answering paragraph 19 on page 5 of ECF 1, Kranz admits that Plaintiff could remain in his current housing assignment given that his suicidal ideations were not credible but denies the remaining allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

30.    Answering paragraph 20 on page 5 of ECF 1, Kranz admits that Plaintiff threatened to commit suicide and then "file paperwork" on Kranz based on deliberate indifference.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

31.    Answering paragraph 21 on page 5 of ECF 1, Kranz admits that the Crisis Intervention Team cleared Plaintiff to remain in his current housing assignment.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

32.    Answering paragraph 22 on page 6 of ECF 1, Kranz admits reading that Plaintiff staged a suicide attempt after the mental health interview by placing a sheet around his neck and standing on a toilet sink.  Heidler lacks sufficient

1  knowledge or information to admit or deny the allegations and, on that basis, denies

2  these allegations.

3      33.   Answering paragraph 23 on page 6 of ECF 1, Kranz admits reading that

4  correctional staff ordered Plaintiff to remove the sheet from his neck and submit to

5  handcuffs.  Heidler lacks sufficient knowledge or information to admit or deny the

6  allegations and, on that basis, denies these allegations.

7      34.   Answering paragraph 24 on page 6 of ECF 1, Defendants lack sufficient

8  knowledge or information to admit or deny the allegations and, on that basis, deny

9  these allegations.

10      35.   Answering paragraph 25 on page 6 of ECF 1, Kranz admits reading that

11  correctional staff ordered Plaintiff to remove the sheet from his neck and submit to

12  handcuffs.  Heidler lacks sufficient knowledge or information to admit or deny the

13  allegations and, on that basis, denies these allegations.

14      36.   Answering paragraph 26 on page 6 of ECF 1, Defendants lack sufficient

15  knowledge or information to admit or deny the allegations and, on that basis, deny

16  these allegations.

17      37.   Answering paragraph 27 on page 6 of ECF 1, Defendants lack sufficient

18  knowledge or information to admit or deny the allegations and, on that basis, deny

19  these allegations.

20      38.   Answering paragraph 28 on page 6 of ECF 1, Defendants lack sufficient

21  knowledge or information to admit or deny the allegations and, on that basis, deny

22  these allegations.

23      39.   Answering paragraph 29 on page 6 of ECF 1, Defendants deny the

24  allegations in this paragraph.

25      40.   Answering paragraph 30 on page 6 of ECF 1, Defendants lack sufficient

26  knowledge or information to admit or deny the allegations and, on that basis, deny

27  these allegations.

28

41.    Answering paragraph 31 on page 6 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

42.    Answering paragraph 32 on page 6 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

43.    Answering paragraph 33 on page 6 of ECF 1, Defendants deny the allegations in this paragraph.

44.    Answering paragraph 34 on page 6 of ECF 1, Krantz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

45.    Answering paragraph 35 on page 6 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

46.    Answering paragraph 36 on page 7 of ECF 1, Defendants admit that Heidler worked as a supervisor in the Mental Health Crisis Beds center at the time of the incident.  Defendants admit that Heidler's work included training subordinates.

47.    Answering paragraph 37 on page 7 of ECF 1, Defendants admit that Heidler would be responsible for taking corrective action towards subordinates if it became necessary to do so.

48.    Answering paragraph 38 on page 7 of ECF 1, Heidler denies the allegations in this paragraph.  Kranz lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

49.    Answering paragraph 39 on page 7 of ECF 1, Defendants deny the allegations in this paragraph.

50. Answering paragraph 40 on page 7 of ECF 1, Defendants admit that Kranz interviewed incarcerated individuals while other correctional personal were present as part of his work on the Crisis Intervention Team.

51. Answering paragraph 41 on page 7 of ECF 1, Kranz admits that Sergeant Powell was present while Kranz interviewed Plaintiff. Kranz denies the remaining allegations in this paragraph. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

52. Answering paragraph 42 on page 7 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

53. Answering paragraph 43 on page 7 of ECF 1, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

54. Answering paragraph 44 on page 7 of ECF 1, Defendants deny the allegations in this paragraph. Moreover, Defendants deny the allegations in this paragraph on the basis that Plaintiff does not allege a confidentiality claim. *See* Dkt. No. 25 at 5 n.2; Dkt. No. 30; Dkt. No. 32.

55. Answering paragraph 45 on page 7 of ECF 1, Defendants deny the allegations in this paragraph.

56. Answering paragraph 46 on page 7 of ECF 1, Heidler denies the allegations in this paragraph. Kranz lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

57. Answering paragraph 47 on page 7 of ECF 1, Defendants deny the allegations in this paragraph. Moreover, this paragraph contains legal conclusions rather than factual allegations and therefore does not require a response.

58. Answering paragraph 48 on page 7 of ECF 1, Defendants deny the allegations in this paragraph.

59.    Answering paragraph 49 on page 8 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

60.    Answering paragraph 50 on page 8 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

61.    Answering paragraph 51 on page 8 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

62.    Answering paragraph 52 on page 8 of ECF 1, Kranz admits that Plaintiff threatened to commit suicide and then "file paperwork" on Kranz based on deliberate indifference.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

63.    Answering paragraph 53 on page 8 of ECF 1, Kranz admits that Plaintiff reported decompensation, but denies that the evidence supported Plaintiff's decompensation claim.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

64.    Answering paragraph 54 on page 8 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

65.    Answering paragraph 55 on page 8 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, this paragraph contains legal conclusions rather than factual allegations and therefore does not require a response.

66.   Answering paragraph 56 on page 8 of ECF 1, Kranz denies the
allegations in this paragraph.  Heidler lacks sufficient knowledge or information to
admit or deny the allegations and, on that basis, denies these allegations.

67.   Answering paragraph 57 on page 8 of ECF 1, Kranz denies the
allegations in this paragraph.  Heidler lacks sufficient knowledge or information to
admit or deny the allegations and, on that basis, denies these allegations.

68.   Answering paragraph 58 on page 8 of ECF 1, Kranz denies the
allegations in this paragraph.  Heidler lacks sufficient knowledge or information to
admit or deny the allegations and, on that basis, denies these allegations.

69.   Answering paragraph 59 on page 8 of ECF 1, Kranz admits reading that
Plaintiff staged a suicide attempt after the mental health interview by placing a
sheet around his neck and standing on a toilet sink.  Kranz lacks sufficient
knowledge or information to admit or deny the remaining allegations asserted in
this paragraph, and on that basis, denies these allegations.  Heidler lacks sufficient
knowledge or information to admit or deny the allegations and, on that basis, denies
these allegations.

70.   Answering paragraph 60 on page 8 of ECF 1, Defendants deny the
allegations in this paragraph.

71.   Answering paragraph 61 on page 9 of ECF 1, Defendants deny the
allegations in this paragraph.

72.   Answering paragraph 62 on page 9 of ECF 1, Defendants deny the
allegations in this paragraph.  Moreover, Defendants deny the allegations in this
paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment
equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

73.   Answering paragraph 63 on page 9 of ECF 1, Defendants admit that
Heidler was responsible for training Kranz regarding the Crisis Intervention team.

74.   Answering paragraph 64 on page 9 of ECF 1, Defendants admit that Heidler was responsible for any necessary corrective action towards subordinates for crisis prevention if her subordinates were injuring incarcerated individuals.

75.   Answering paragraph 65 on page 9 of ECF 1, Heidler denies the allegations in this paragraph.  Kranz lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

76.   Answering paragraph 66 on page 9 of ECF 1, Heidler denies the allegations in this paragraph.  Kranz lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

77.   Answering paragraph 67 on page 9 of ECF 1, Heidler denies the allegations in this paragraph.  Kranz lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

78.   Answering paragraph 68 on page 9 of ECF 1, Defendants deny the allegations in this paragraph.

79.   Answering paragraph 69 on page 9 of ECF 1, Defendants deny the allegations in this paragraph.

80.   Answering paragraph 70 on page 9 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

81.   Answering paragraph 71 on page 9 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

82.   Answering paragraph 72 on page 9 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

83.   Answering paragraph 73 on page 9 of ECF 1, Defendants deny the allegations in this paragraph.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims.  *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

84.   Answering the unnumbered paragraph under "Cause of Action Claim One" on page 10 of ECF 1, this paragraph contains legal conclusions rather than factual allegations and therefore does not require a response.  To the extent there are any factual allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.

85.   Answering paragraph 74 on page 10 of ECF 1, this paragraph does not contain specific factual allegations and therefore does not require a response.  To the extent there are any factual allegations, Defendants incorporate their above responses.

86.   Answering paragraph 75 on page 10 of ECF 1, Defendants deny the allegations in this paragraph.

87.   Answering paragraph 76 on page 10 of ECF 1, Defendants deny the allegations in this paragraph.

88.   Answering paragraph 77 on page 10 of ECF 1, Defendants admit that Plaintiff is entitled to health care required under the law.

89.   Answering paragraph 78 on page 10 of ECF 1, Defendants deny the allegations in this paragraph as to the mental health issues relevant to this lawsuit.

90.   Answering paragraph 79 on page 10 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

91.   Answering paragraph 80 on page 10 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

92.   Answering paragraph 81 on page 10 of ECF 1, Defendants deny the allegations in this paragraph.

93.   Answering paragraph 82 on page 11 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

94.   Answering paragraph 83 on page 11 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

95.   Answering paragraph 84 on page 11 of ECF 1, Kranz admits that he offered no cognitive behavioral therapy for auditory hallucinations because Plaintiff did not demonstrate or state that he was having auditory hallucinations.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

96.   Answering paragraph 85 on page 11 of ECF 1, Kranz admits that he offered no cognitive behavioral therapy for major depressive disorder because Plaintiff did not demonstrate or state that he was having depressive disorder issues. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

97.   Answering paragraph 86 on page 11 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

98.   Answering paragraph 87 on page 11 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

99.   Answering paragraph 88 on page 11 of ECF 1, Kranz denies the allegations in this paragraph.  Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

100. Answering paragraph 89 on page 11 of ECF 1, Defendants deny the allegations in this paragraph. Moreover, this paragraph contains legal conclusions rather than factual allegations and therefore does not require a response.

101. Answering paragraph 90 on page 11 of ECF 1, Defendants deny the allegations in this paragraph.

102. Answering paragraph 91 on page 11 of ECF 1, Defendants deny the allegations in this paragraph.

103. Answering paragraph 92 on page 11 of ECF 1, Defendants deny the allegations in this paragraph.

104. Answering paragraph 93 on page 11 of ECF 1, Defendants deny the allegations in this paragraph.

105. Answering paragraph 94 on page 11 of ECF 1, Kranz denies the allegations in this paragraph. Heidler lacks sufficient knowledge or information to admit or deny the allegations and, on that basis, denies these allegations.

106. Answering paragraph 95 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

107. Answering paragraph 96 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

108. Answering paragraph 97 on page 12 of ECF 1, Defendants deny the allegations in this paragraph because no corrective action was required.

109. Answering paragraph 98 on page 12 of ECF 1, Defendants admit that Cal. Code Regs. tit. 15, § 3365(a) provides that "[e]ach institution head shall ensure that all employees whose assignments routinely involve incarcerated person contact are trained to recognize signs and symptoms associated with suicide risk, the appropriate procedures for staff intervention, and the appropriate procedures to be followed in response to emergency situations resulting from self-injurious or suicidal actions. This training shall be conducted as in-service training, in compliance with Section 3435."

110. Answering paragraph 99 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

111. Answering paragraph 100 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

112. Answering paragraph 101 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

113. Answering paragraph 102 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

114. Answering paragraph 103 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

115. Answering paragraph 104 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

116. Answering paragraph 105 on page 12 of ECF 1, Defendants deny the allegations in this paragraph.

117. Answering the unnumbered paragraph under "Cause of Action Claim Two" on page 13 of ECF 1, this paragraph contains legal conclusions rather than factual allegations and therefore does not require a response.  To the extent there are any factual allegations, Defendants lack sufficient knowledge or information to admit or deny the allegations and, on that basis, deny these allegations.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claim. *See* Dkt. Nos. 25, 32.

118. Answering paragraph 106 on page 13 of ECF 1, this paragraph does not contain specific factual allegations and therefore does not require a response.  To the extent there are any factual allegations, Defendants incorporate their above responses.  Moreover, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

119. Answering paragraph 107 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

120. Answering paragraph 108 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

121. Answering paragraph 109 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

122. Answering paragraph 110 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

123. Answering paragraph 111 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

124. Answering paragraph 112 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

125. Answering paragraph 113 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

126. Answering paragraph 114 on page 13 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

127. Answering paragraph 115 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

128. Answering paragraph 116 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

129. Answering paragraph 117 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

130. Answering paragraph 118 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

131. Answering paragraph 119 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

132. Answering paragraph 120 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

133. Answering paragraph 121 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

134. Answering paragraph 122 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

135. Answering paragraph 123 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

136. Answering paragraph 124 on page 14 of ECF 1, Defendants deny the allegations in this paragraph on the basis that the Court dismissed Plaintiff's Fourteenth Amendment equal protection claims. *See* Dkt. No. 25 at 10–11; Dkt. No. 32.

**E. REQUEST FOR RELIEF**

137. Answering Section E on page 15 of ECF 1, Defendants deny that Plaintiff is entitled to the relief requested in Section E, or to any relief.

**AFFIRMATIVE DEFENSES**

Defendants assert the following separate and affirmative defenses:

**First Affirmative Defense**

**(Failure to Exhaust Administrative Remedies)**

Plaintiff's claims may be barred if he failed to exhaust administrative remedies as to Defendants and/or claims asserted in this action as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

**Second Affirmative Defense**

**(Qualified Immunity)**

Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendant's conduct did not violate clearly established law of which a reasonable person would have known.

**Third Affirmative Defense**

**(Eleventh Amendment Immunity)**

To the extent Plaintiff alleges claims against Defendants in their official capacity, Defendants are immune under the Eleventh Amendment.

**Fourth Affirmative Defense**

**(Punitive Damages)**

Plaintiff is not entitled to punitive damages because Defendants did not act with malicious intent to deprive Plaintiff of any constitutional right or to cause any other injury.

**Fifth Affirmative Defense**

**(Contributory Negligence)**

To the extent that Plaintiff suffered any injuries or damages from the facts alleged in Plaintiff's Complaint, such injuries were the result of Plaintiff's own negligent, unlawful, or deliberate actions, and therefore he may not seek relief for such injuries or damages.

**Sixth Affirmative Defense**

**(Failure to Mitigate)**

Defendants assert that at all times relevant to this action, if Plaintiff suffered any injuries or damages, Plaintiff failed to mitigate such injuries or damages, thereby precluding or limiting recovery for such injuries or damages.

**Seventh Affirmative Defense**

**(Failure to Show Physical Injury)**

To the extent that Plaintiff suffered any injuries or damages, based on mental or emotional injury, they must be dismissed where there is no showing of physical

1  injury as required by 42 U.S.C. § 1997e(e).

2  **Eighth Affirmative Defense**

3  **(Failure to State a Claim)**

4  Plaintiff's claim is barred in whole or part by Plaintiff's failure to state a

5  claim upon which relief can be granted.

6  **Ninth Affirmative Defense**

7  **(Reservation of Additional Defenses)**

8  Because the complaint is couched in conclusory terms, Defendants cannot

9  fully anticipate all affirmative defenses that may be applicable.  Accordingly,

10  Defendants reserve the right to assert additional affirmative defenses, if and to the

11  extent such defenses are applicable.

12  **DEMAND FOR JURY TRIAL**

13  Defendants demand a jury trial on all issues presented by Plaintiff's

14  Complaint.  *See* Fed. R. Civ. P. 38.

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**PRAYER FOR RELIEF**

Defendants pray that:

1.    Judgment be entered in favor of Defendants and against Plaintiff;

2.    Plaintiff take nothing by the Complaint;

3.    Defendants be awarded costs of suit;

4.    Defendants be awarded attorneys' fees; and

5.    Defendants be awarded such other relief the Court deems proper.

Dated:  October 13, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

# CERTIFICATE OF SERVICE

Case Name:  **Robert A. Goins (BL8291) v.**          No.   **2:25-cv-02168-SB-BFM**
            **E. Kranz, et al.**

I hereby certify that on **October 13, 2025**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT; AND DEFENDANTS' DEMAND FOR JURY TRIAL**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users.  On **October 13, 2025**, I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

Robert Anthony Goins
CDCR No. BL8291
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101
*In Pro Per*

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on **October 13, 2025**, at San Diego, California.

|                     |                     |
| ------------------- | ------------------- |
| G. Lopez            |                     |
| Declarant           | Signature           |

LA2025400772
85390900.docx