Rob Bonta
Attorney General of California
William C. Kwong
Supervising Deputy Attorney General
Macklin Thornton
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>                Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>               Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DEFENDANTS' STATUS REPORT**<br><br>Judge:    Hon. Angela Catherine Clair Viramontes<br>Action Filed: 3/10/2025 |

Plaintiff Robert Anthony Goins, an incarcerated person who is proceeding *pro se*, brings this civil rights action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983. Dkt. Nos. 1, 32. Pursuant to the Court's Order Regarding Civil Rights Case, Dkt. No. 39, Defendants submit this Status Report.

/ / /

/ / /

/ / /

/ / /

/ / /

# SUMMARY OF PROCEEDINGS AND STATEMENT OF ISSUES RAISED BY THE CASE

## I. PROCEDURAL BACKGROUND

On March 10, 2025, Plaintiff initiated this action. Dkt. No. 1. Defendants moved to dismiss, and the Court granted the motion in part. Dkt. No. 16, 25, 32. Plaintiff's only remaining cause of action is his Eighth Amendment claim for medical indifference against Defendants. Dkt. Nos. 25, 32. On October 13, 2025, Defendants filed their Answer. Dkt. No. 34. On November 6, 2025, the Court held a status conference and issued its Order Regarding Civil Rights Case. Dkt. Nos. 38, 39.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that he began to experience suicidal ideations on March 26, 2023 while he was housed in a restrictive housing unit (RHU) at California Men's Colony (CMC). *See* Dkt. No. 1 ¶ 2 (p. 4). On March 26, 2023 around 7:15 P.M., Plaintiff asserts that he informed nonparty correctional staff that "he was experiencing overwhelming urges to harm himself." *Id.* ¶ 7 (p. 5).

Plaintiff claims that Dr. Kranz responded to the RHU and interviewed Plaintiff while a nonparty sergeant was present in the room despite Plaintiff seeking a confidential interview. *Id.* ¶¶ 10–11 (p. 5), ¶ 41 (p. 7). Plaintiff alleges that Dr. Kranz "did not have the time or motivation" to hear about Plaintiff's mental health issues" based on Dr. Kranz's demeanor. *Id.* ¶ 13 (p. 5). Plaintiff claims that he felt "hopeless" after hearing news that his son was attacked at school and seriously injured. *Id.* ¶¶ 14–15 (p. 5). Plaintiff elaborates that he also "felt an overwhelming shame for causing his girlfriend[']s arrest" and felony charge related to the introduction of contraband into CMC. *Id.* ¶ 16 (p. 5). Plaintiff alleges that Dr. Kranz stated "I'm not sure you are serious about ending your life, every decision you've made was your choice, no one forced any of these choices on you." *Id.* ¶ 17 (p. 5). Plaintiff also claims Dr. Kranz explained that Plaintiff's "behavior

demonstrates anti-social traits that cannot be treated, no matter how much therapy you receive you will never get any better." *Id.* ¶ 18 (p. 5).  Plaintiff then avers that Dr. Kranz said "I need to see you at least give an effort at making better decisions." *Id.* ¶ 19 (p. 5).  Plaintiff then claims he said he was going to commit suicide through hanging when he returned to his cell. *Id.* ¶ 20 (p. 5).  In response, Dr. Kranz allegedly replied "[t]ake him back[.]  [H]e's done." *Id.* ¶ 21 (p. 5).  "It appeared to the Plaintiff" that Dr. Kranz would not help him without Plaintiff hurting himself. *Id.* ¶ 33 (p. 6); *see also id.* ¶ 58 (p. 8).

After returning to his cell, Plaintiff alleges he made a noose, tied it around his neck, stood on top of his sink, and prepared to step off the sink. *Id.* ¶ 22 (p. 6); ¶ 59 (p. 8).  Plaintiff states that correctional staff observed Plaintiff's actions and ordered Plaintiff to step down and remove the noose. *Id.* ¶¶ 23, 25 (p. 6).  But Plaintiff did not respond. *Id.* ¶¶ 24, 26 (p. 6).  Plaintiff then avers correctional staff then activated the personal alarm and called an emergency code to alert other staff to the area. *Id.* ¶ 27 (p. 6).  After he refused to step down, Plaintiff alleges that correctional staff sprayed pepper spray into his cell. *Id.* ¶ 28 (p. 6); ¶ 59 (p. 8).  Plaintiff then avers that he stepped off the sink to harm himself, which injured his neck and shoulder. *Id.* ¶ 29 (p. 6); ¶¶ 59–60 (p. 8).  Plaintiff alleges that staff then secured Plaintiff and initiated emergency mental health procedures. *Id.* ¶ 30 (p. 6).

On March 27, 2023, Plaintiff claims Dr. Kranz apologized for not addressing Plaintiff's health issues. *Id.* ¶ 94 (p. 11).

Plaintiff claims he suffers from major depressive disorder and auditory hallucinations. *Id.* ¶ 34 (p. 7).  Plaintiff claims his harm was "foreseeable based on the number of suicides" before March 26, 2023. *Id.* ¶ 69 (p. 9).

Plaintiff alleges that Dr. Kranz knew that Plaintiff's medication—Naltrexone—had a side-effect of increased risk of suicidal thinking or behaviors. *Id.* ¶ 32 (p. 6), ¶ 56 (p. 8), ¶ 102 (p. 12), ¶ 113 (p. 13).  Plaintiff claims that Dr. Kranz failed to treat Plaintiff's suicidal ideations. *Id.* ¶ 3 (p. 4).  Plaintiff

3

asserts that Dr. Kranz "incited" Plaintiff to harm himself as a prerequisite to attaining mental health treatment. *Id.* ¶ 58 (p. 8).

Plaintiff claims that Dr. Heidler failed to train and supervise subordinate staff. *Id.* ¶ 4 (p. 4), ¶ 36 (p. 7); *see also* ¶ 63 (p. 9). Plaintiff asserts that "inmates" complained to Dr. Heidler about Dr. Kranz's "lack of professionalism." *Id.* ¶ 38 (p. 7). Plaintiff further argues that Dr. Heidler "was made aware" that Dr. Kranz "would dare inmates to follow through on their suicidal ideations." *Id.* ¶ 39 (p. 7). Plaintiff claims Dr. Heidler "knew" that Dr. Kranz's conduct "could cause harm" but failed to correct or address the conduct. *Id.* ¶ 45 (p. 7); ¶ 61 (p. 9). Plaintiff alleges that Dr. Heidler "knew" about Plaintiff's auditory hallucinations and that Plaintiff's prescribed medication had a side-effect of increased risk of suicidal thinking or behaviors. *Id.* ¶ 47 (p. 7), ¶ 65–66 (p. 9). Plaintiff argues Dr. Heidler is "directly responsible" for subordinates' actions. *See id.* ¶ 64 (p. 9).

### III. PRINCIPAL ISSUES RAISED BY THE CASE

At this stage of the action, there are several issues:

1. Whether Plaintiff exhausted his administrative remedies as to both Defendants.

2. Whether Dr. Kranz made the reported statements to Plaintiff and "dared" him to follow through on his suicidal ideations.

3. Whether Defendants' knowledge of prescriptions and their side effects were outside their scope of practice.

4. Whether Dr. Heidler was aware of the allegation that Dr. Kranz would "dare" inmates to follow through on their suicidal ideations.

5. Whether Plaintiff has evidence to support his supervisory liability theory against Dr. Heidler.

However, discovery is ongoing, and these issues are subject to change as the case progresses.

## WHETHER ALL PARTIES HAVE BEEN SERVED

Defendants have been served. *See* Dkt. No. 13.

## DISCOVERY STATUS AND PLAN

On January 8, 2026, Defendants served a deposition notice, which included a request for production of documents to be produced at the deposition. Plaintiff's deposition is noticed for February 12, 2026. Defendants may pursue other discovery requests depending on the deposition. Plaintiff has not yet served any discovery requests on Defendants.

## CONTEMPLATED MOTIONS

If Plaintiff does not appear at his deposition or refuses to answer questions, Defendants will move to compel Plaintiff's full testimony.

Moreover, Defendants intend to file a motion for summary judgment to dismiss the action in its entirety by the July 7, 2026 dispositive motion deadline. *See* Dkt. No. 39 at 4. Pursuant to the Court's order, "no hearing date will be set," and the parties will follow the briefing schedule outlined in the Court's order. *Id.* at 4.

## TRIAL ESTIMATES AND TYPE

Defendants estimate that a trial would last between two to three days. As noted in Defendant's Answer (Dkt. No. 34), the matter will be a jury trial.

## SETTLEMENT STATUS

The parties have not discussed settlement. In the event Defendants' motion for summary judgment is unsuccessful, Defendants may be open to court-organized mediation.

/ / /

/ / /

/ / /

/ / /

/ / /

**OTHER INFORMATION FOR THE COURT'S CONSIDERATION**

At this time, Defendants do not have other information to raise with the Court.

Dated: February 2, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

# CERTIFICATE OF SERVICE

Case Name: **Robert A. Goins (BL8291) v. E. Kranz, et al.**　　No. **2:25-cv-02168-SB-ACCV**

I hereby certify that on <u>February 2, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

- **DEFENDANTS' STATUS REPORT**

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

I further certify that some of the participants in the case are not registered CM/ECF users. On <u>February 2, 2025,</u> I have caused to be mailed in the Office of the Attorney General's internal mail system, the foregoing document(s) by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within three (3) calendar days to the following non-CM/ECF participants:

**Robert Anthony Goins**
**BL8291**
**California Men's Colony**
**P.O. Box 8101**
**San Luis Obispo, CA 93409-8101**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>February 2, 2025</u>, at San Diego, California.

| C. Hernandez | *[signature]* |
|---|---|
| Declarant | Signature |

LA2025400772