1 CALIFORNIA MENS COLONY
2 ROBERT GOINS BL-8291
  P.O.Box 8101
3 San Luis Obispo,Ca.
4 93409

FILED
CLERK, U.S. DISTRICT COURT

MAR - 2 2026

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION    BY DEPUTY

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

5

6

7                                                      CASE No.:
8                                                      25-cv-02168-SB-BFM
  ROBERT GOINS,   0                                    Plaintiffs Ex Parte
9 Plaintiff,      0                                    Request for:Limited
10  v.            )                                    Purpose Appointment
  E.Kranz,et al.;)                                     OF CounselPursuant
11 Defendants.    )                                    To 28 U.S.C.1915(e)
12 ----------------                                    (1)

13

14  TO THE CLERK OF THE ABOVE ENTITLED COURT,Please take notice Plaintiff R.
    Goins;moves for:'Ex Parte Limited Purpose of Counsel Appointment pursuant
15  To 28 U.S.C. 1915(e)(1)'.
16      Plaintiff is in jeopardy of losing important due process rights in this
        matter on discovery proceedings ordered by the Central District Court
17      on November 6th,2025.[ECF 39]
18      Plaintiff seeks judicial interference so that the complex issues
19      presented to the court on October 13,2025;can be fully presented in an
        orderly and proper manner,at trial and/or summary judgement proceedings.
20      Plaintiff R.Goins,is currently being housed at the California Mens
21      Colony;at the Enhanced Outpatient level of care facility.Plaintiff
22      suffers from serious mental health complications on a daily basis.
        [see ECF 1]
23      On August 22,2025;the District Court denied the Defendants motion
24      pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) 'failure to state
25      a claim'.[ECF 25]
26      Cross Examination of conflicting evidence will be an important component
        at trial.Supervisory liability represents complex litigation issues
27      to which the instant case is predicated on.In the interest of justice
28      Plaintiff requests a 'Limited Purpose of Counsel Appointment'for
        discovery proceedings.

1  **LEGAL STANDARD**

2  Pursuant to 28 U.S.C 1915(e)(1):'a Court may request an attorney to

3  represent any person unable to afford counsel....'

4  Plaintiff was given leave to proceed in the commencement of this suit
   without prepayment of fees pursuant to 28 U.S.C. 1915.**[SEE ECF 6]**

5  On January 8th,2026;Defendants sent notice to the Plaintiff for a

6  Deposition hearing to be held on February 12th,2026;at the California

7  Mens Colony,where the Plaintiff is currently housed.

8  Plaintiff terminated the Deposition hearing pursuant to **Fed.R.Civ.P.30(d)(3)**.
   It should also be noted that the Plaintiffs support person was denied the

9  ability to sit with the Plaintiff during the deposition for the sole

10 purpose to offer emotional suport.To ensure the Plaintiff that he was safe
   and that the proceedings needed to be conducted for legal reasons.

11 Defendants allowed an officer of the court to interfer in this process

12 and the support person was denied.Plaintiff felt as though he couldnot

13 move forward after this unforeseen obstacle was placed before the Plaintiff.

14 Defendants Deposition notice required the Plaintiff to bring documents
   under Rule 34 and the Courts order **ECF 39**.Plaintiff was unable to meet this

15 requirement due to his inability to understand and participate in a

16 meaningful way on discovery procedures.Plaintiffs ability to investigate
   fact and gather evidence is extremely limited if it exists in the first

17 place. Until now the Plaintiff was supported by inmate K.McClellan AV-5922.

18 This inmate has since paroled leaving the Plaintiff without the assitance

19 he enjoyed at the beginning of these proceedings.

20 Plaintiff is unable to explain complex legal pricipals applicable to the
   complaint and potentially meritoriously claims.In this instant matter

21 Supervisory liability will be an issue.This claim represents a complex

22 legal argument that the Plaintiff will be unable to present to the jury in
   a meaningful way at trial proceedings moving forward.Evenmore,Plaintiff

23 cannot hope to prevail on summary judgement without the ability to conduct

24 discovery on the Defendants.**Fed, R. Civ. P. Rule 56(c);would ordinarily**

25 require the Plaintiff to go outside the in itial complaint and put forth
   evidence in a form admissible at trial to create a genuine issue for a jury

26 to decide.Plaintiffs ability to meet this requirement is non-existence.

27 Plaintiff is unable to prosecute this matter moving forward.Plaintiff

28 stands in jeopardy of losing this matter based solely on his lack of
   training in law,and mental health issues.

[2]

1   Defendants would gain a tacticle advantage to which they are not entitled
2   to at this stage of the proceedings.Defendants should be made to answer
3   to its misconduct in denying the Plaintiff 'Crisis Intervention Treatment'
4   on March 26th,2023;at the C.M.C. 'Restrictive Housing Unit'.

        Plaintiff attempted to harm himself after the Defendant E.Kranz refused
5   the Plaintiff Crisis Intervention Treatment for the Plaintiffs suicidal
6   ideations.The Defendant then the following day apologized to the Plaintiff
    for minimizing the Plaintiffs crisis issues the day before.
7   Plaintiff suffered injuries to his thorax and shoulder area after attempting
8   to hang himself inside his assigned housing unit.
9   Defendant knew that one of the side effects of the Plaintiffs prescribed
    medications was an increased suicidal behaviours and thoughts affect.
10  Defendant E.Kranze ignored these risk factors and dared the Plaintiff to
11  follow through on the suicidal thoughts to harm himself,and returned the
12  Plaintiff back to his cell without the necessary coping skills to deal
    with the crisis on 3/26/2023
13   A jury acting diligently may return a vedict in favor of the Plaintiff
14  if presented with these admissible facts.
15   Plaintiff will default on his obligations on discovery Rule 30;Rule 33;
    and rule 34 production requests without the assistance of counsel.
16  **CONCLUSION**
17
18  Plaintiffs inability to present his case in a manner that is proper and
19  meaningful under due process principles militates in favor of the Plaintiffs
    motion to be granted,good cause appearing in this case.Without the
20  assistance of counsel Plaintiffs case stands in jeopardy of being defaulted
21  upon for the reasons stated heretofore.
22   Therefore the Plaintiffs request for the Limited Appointment of Counsel
     for discovery purposes only should be granted in its entirety,Good Cause
23  Appearing.
24
    DATED: *February 23, 2026*                    RESPECTFULLY
25                                                SUBMITTED,
26
27
28                          [3]                   *In proper*

UNITED STATES DISTRICT COURT
~~EASTERN~~ DISTRICT OF CALIFORNIA
Central

Robert Goins
Plaintiff,

v.

E. Kranz, et al.,
Defendants

Case Number: 25-cv-02168-SB-BEM

PROOF OF SERVICE

/

I hereby certify that on __February 23, 2026__, I served a copy

of the attached Plaintiffs Ex Parte Request for Limited Purpose Appointment of Counsel Pursuant To 28 U.S.C. 1915(e)(1)
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at Mule California Mens Colony
P.O. Box 8101 San Luis Obispo, CA. 93409

(List Name and Address of Each
Defendant or Attorney Served)

U.S. Dist. Ct.
Central District of California
Office of the Clerk
255 East Temple street, Rm 180 L.A. CA. 90012
Dept of Justice /Office of Attorn. General
600 West Broadway, Ste. 1800, San Diego, CA. 97101

I declare under penalty of perjury that the foregoing is true and correct.

(Signature of Person Completing Service)



US POSTAGE

1775 ★ 202
3000.74
02/24/2026 ZIP 93405

SANTA BARBARA CA 931

26 FEB 2026   AM2

MAR - 2 2026

United States District Court
Central District of California
Office of the Clerk

255 East Temple Street, Rm. 180
Los Angeles, CA. 90012

90012-354760

CALIFORNIA MENS COLONY STATE PRISON
P.O. BOX 8101
SAN LUIS OBISPO, CA 93409-8101
Name: Daniel Ruff
CDC# K49917 · CELL DG-B135
STATE PRISON
GENERAL MAIL

Assisting Plaintiff

ACCV

* Legal
mail

I. CALDERON

02/23/26