ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DEFENDANTS' FIRST *EX PARTE* APPLICATION TO REQUEST LEAVE TO FILE MOTION TO COMPEL** |
| **v.** | |
| **E. KRANZ, et al.,** | [*No Oral Argument Per Court's Procedures*] |
| Defendants. | |
| | Judge:        Hon. Angela C. C. Viramontes |
| | Trial Date:   Not set |
| | Action Filed: 3/10/2025 |

**INTRODUCTION**

Plaintiff Robert Anthony Goins, an incarcerated person who is proceeding *pro se*, brings this civil rights action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983.  Dkt. Nos. 1, 32.  On February 12, 2026, Plaintiff began to sit for his deposition.  During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Federal Rule of Civil

1

Procedure 30(d)(3)(A)—alleging "bad faith" regarding his inability to have the "support person" accompany him in the deposition room despite not qualifying for a support person.  Defendants raised the discovery dispute with the Court in two Pre-Motion Discovery Dispute Conferences.  Dkt. Nos. 49, 53.

As noted in Defendants' prior status update, Dkt. No. 54, the Court has not yet provided leave for Defendants to file a motion to compel. *See* Viramontes Chambers Rules (Discovery Motion Practice).  Given Plaintiff's upcoming re-noticed deposition and the discovery cut-off deadlines, Defendants move *ex parte* for leave to file a motion to compel Plaintiff's deposition pursuant to Local Rule 7-19 and the Court's Chambers Rules.  During a meet-and-confer call regarding this application, Plaintiff said he could not answer whether he would oppose or not oppose this application.

## BACKGROUND

On November 6, 2025, the Court issued its Order Re: Civil Rights Cases, which set discovery and dispositive-motion deadlines.  Dkt. No. 39.  The Court granted Defendants leave to depose Plaintiff.  *Id.* at 2.  Written discovery must be served by April 24, 2026.  *Id.* at 2–3.  The last day to conduct depositions is June 1, 2026.  *Id.* at 2.  The deadline to complete all discovery is June 8, 2026.  *Id.*  The deadline to file discovery motions is June 18, 2026.  *Id.* at 4.  The dispositive motion deadline is July 7, 2026.  *Id.*

On January 8, 2026, Defendants served a deposition notice, which included a request for production of documents to be produced at the deposition, and set the deposition for February 12, 2026 at 9:00 A.M.  Declaration of Macklin W. Thornton in Support of Defendants' *Ex Parte* Application to Request Leave to File Motion to Compel (Thornton Decl.) ¶ 2.

On February 12, 2026, Plaintiff appeared at his deposition at the confidential room that staff reserved for the deposition.  *Id.* ¶ 3.  Before the deposition started,

2

correctional staff informed Defendants' counsel that Plaintiff had an incarcerated "support person" who wished to join Plaintiff at his deposition. *Id.* ¶ 3.

On the record, Defendants' counsel introduced himself, asked some preliminary questions to confirm Plaintiff's identity, and started asking questions about whether Plaintiff understood the ground rules for the deposition. *Id.* During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Fed. R. Civ. P. 30(d)(3)(A)—pointing to "bad faith" regarding his inability to have the support person accompany him in the deposition room. *Id.*

Later the same day on February 12, 2026, Defendants' counsel emailed Chambers to request a Pre-Motion Discovery Dispute Conference and detailed the nature of the dispute and the parties' positions on the dispute. *Id.* ¶ 4. The Court then held two Pre-Motion Discovery Dispute Conferences to address the deposition dispute. *See* Dkt. Nos. 49, 53.

At the first informal discovery conference on March 4, 2026, the Court gave Plaintiff time to inquire with correctional staff whether he can qualify for assistance at the deposition. Dkt. No. 49. Defendants' counsel agreed to notice future deposition for an afternoon timeslot and provide sufficient notice. *Id.* The Court then set a second conference. *Id.*

At the second informal discovery conference on March 25, 2026, "Plaintiff informed the Court that the prison informed him he does not qualify for a support person during his deposition." Dkt. No. 53. Despite having his motion for appointment of counsel denied, Plaintiff re-raised the issue and the Court "informed Plaintiff he may file a renewed request if he wants the Court to reconsider appointing counsel." *Id.*

On April 6, 2026, Defendants' counsel met and conferred telephonically with Plaintiff. Dkt. No. 54 at 2; Thornton Decl. ¶ 5. Defendants' counsel asked if Plaintiff would sit for his deposition if Defendants noticed the deposition. Dkt. No. 54 at 2; Thornton Decl. ¶ 5. Plaintiff responded that he cannot answer that question

3

until his motion for an attorney is answered by the Court. Dkt. No. 54 at 2; Thornton Decl. ¶ 5. Defendants' counsel explained he needed to notice Plaintiff's deposition given the upcoming discovery deadlines and to protect Defendants' rights. Dkt. No. 54 at 2; Thornton Decl. ¶ 5. Later that day, Defendants filed a status update regarding the parties' impasse over Plaintiffs' deposition and served a second deposition notice on Plaintiff with a deposition date of May 7, 2026 at 1:00 P.M. Dkt. No. 54 at 2; Thornton Decl. ¶ 5.

On April 16, 2026, Defendants' counsel met and conferred telephonically with Plaintiff regarding this *Ex Parte* Application. Thornton Decl. ¶ 6. Defendants' counsel asked if Plaintiff would oppose Defendants' request for leave to file a motion to compel. *Id.* Plaintiff responded that he cannot answer about opposing one way or another. *Id.* Plaintiff's is proceeding *pro se* from the correctional institution's address listed on the docket. *See* Dkt. This *ex parte* application is being served on Plaintiff via mail. *Id.*

This is Defendants' first *ex parte* request for leave to file a motion to compel. *Id.* ¶ 7. Defendants have prepared a proposed motion to compel and motion for extension of time that is ready to be filed with the Court. Thornton Decl. Ex. A.

## LEGAL STANDARD

Although legitimate *ex parte* motions are limited, the procedure is justified when

> (1) there is a threat of immediate or irreparable injury; (2) there is danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) *the party seeks a routine procedural order that cannot be obtained through a regularly noticed motion* (i.e., to file an overlong brief or shorten the time within which a motion may be brought).

*Canchola v. Allstate Ins. Co.*, No. 8:23-cv-00734-FWS-ADS, 2025 WL 1377817, at *2 (C.D. Cal. Apr. 17, 2025) (emphasis added) (quoting *Horne v. Wells Fargo Bank*, N.A., 969 F. Supp. 2d 1203, 1205 (C.D. Cal. 2013)). Moreover, the party

seeking *ex parte* relief must "without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.* at *1 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Both this District's Local Rules and this Court's Chambers Rules permit *ex parte* applications. *See* C.D. Cal. L.R. 7-19; Viramontes Chambers Rules.

**ARGUMENT**

As demonstrated by the accompanying declaration of counsel, good cause supports Defendants' *ex parte* request for leave to file a motion to compel because the sought relief concerns a routine procedural order and Defendants are without fault regarding Plaintiff's refusal to sit for his deposition.

As a threshold matter, Defendants are without fault in creating the issue that necessitated this *ex parte* relief and have been diligent in seeking resolution of the deposition dispute. Despite Defendants properly noticing Plaintiff's original deposition with a month to prepare, Plaintiff unilaterally terminated his deposition on a groundless basis. *See* Thornton Decl. ¶¶ 2–3; Thornton Decl. Ex. A. On the same day Plaintiff terminated his deposition, Defendants sought the Court's input by requesting a Pre-Motion Discovery Dispute Conference Thornton Decl. ¶ 4. After the Court held two Pre-Motion Discovery Dispute Conferences to address the deposition dispute, Dkt. Nos. 49, 53, Defendants' counsel met and conferred with Plaintiff and asked if he would sit for his deposition. Dkt. No. 54 at 2; Thornton Decl. ¶ 5. On the same day as the meet-and-confer call, Defendants then filed a status update to inform the Court that the parties remain at an impasse over the dispute. Dkt. No. 54. To further show diligence, Defendants have already drafted their motion to compel. Thornton Decl. Ex. A.

Defendants move *ex parte* to file their motion to compel because the Court's procedures suggest that leave is needed to pursue a motion to compel and the discovery deadlines are quickly approaching. *See* Viramontes Chambers Rules ("*if*

*leave of Court to file a discovery motion is granted* and the Court does not set responsive dates, *or after a pre-discovery motion conference the Court directs the parties to file a discovery motion* and does not specify responsive dates, counsel shall follow Local Civil Rule 7-4 et seq. and file a properly noticed discovery motion" (emphasis added)); Dkt. No. 39 at 2–3.  Defendants request this relief *ex parte* because—after two discovery conferences, two meet-and-confer calls, and a status update—the issue remains unresolved through informal channels and Defendants cannot further uphold their discovery rights without the Court providing the routine procedural relief of leave to move to compel.

Without granting leave to file their motion, Defendants cannot preserve their discovery rights in light of Plaintiff's upcoming re-noticed deposition and the discovery cut-off deadlines.  Thornton Decl. ¶ 8; Thornton Decl. Ex. A (Declaration of Macklin W. Thornton in Support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time).  Defendants need to move to compel Plaintiff's deposition and finalize their motion for summary judgment.  Thornton Decl. ¶ 8; Thornton Decl. Ex. A (Declaration of Macklin W. Thornton in Support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6

**CONCLUSION**

In light of Plaintiff's upcoming re-noticed deposition and the discovery cut-off deadlines, Defendants request leave to file a motion to compel Plaintiff's deposition. After several attempts to meet and confer with Plaintiff and seek informal resolution through the Court's mediation, Plaintiff does not currently intend to sit for his deposition. Defendants need this relief to mitigate Plaintiff's prejudice-causing conduct and preserve their discovery rights. Accordingly, Defendants respectfully request the Court to (1) direct clerk of Court to file Exhibit A of the Defendants' *Ex Parte* Application as a separate docket entry and (2) set a briefing schedule on Defendants' motion to compel.

Dated: April 16, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

7

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants E. Heidler and E. Kranz, certifies that this brief contains 1,697 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: April 16, 2026                    Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California


                                         */s/ Macklin Thornton*
                                         MACKLIN THORNTON
                                         Deputy Attorney General
                                         *Attorneys for Defendants*
                                         *E. Heidler and E Kranz*