ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DECLARATION OF MACKLIN W. THORNTON IN SUPPORT OF DEFENDANTS' FIRST *EX PARTE* APPLICATION TO REQUEST LEAVE TO FILE MOTION TO COMPEL** |
| **v.** | |
| **E. KRANZ, et al.,** | |
| Defendants. | |

I, Macklin W. Thornton, declare:

1.    I am a Deputy Attorney General in the Correctional Law Section of the California Attorney General's Office, counsel of record for Defendants E. Kranz and E. Heidler in this action.  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.  I submit this declaration in support of Defendants' First *Ex Parte* Application to Request Leave to File Motion to Compel.

1

2.    On January 8, 2026, my office served a deposition notice, which included a request for production of documents to be produced at the deposition, and set the deposition for February 12, 2026 at 9:00 A.M.

3.    On February 12, 2026, Plaintiff appeared at his deposition at the confidential room that staff reserved for the deposition.  Before the deposition started, correctional staff informed me that Plaintiff had an incarcerated "support person" who wished to join Plaintiff at his deposition.  On the record, I introduced myself, asked some preliminary questions to confirm Plaintiff's identity, and started asking questions about whether Plaintiff understood the ground rules for the deposition.  During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Fed. R. Civ. P. 30(d)(3)(A)—pointing to "bad faith" regarding his inability to have the support person accompany him in the deposition room.

4.    On February 12, 2026, I emailed Chambers regarding Defendants' request for a Pre-Motion Discovery Dispute Conference.

5.    On April 6, 2026, I met and conferred telephonically with Plaintiff. I asked if Plaintiff would sit for his deposition if Defendants noticed the deposition. Plaintiff responded that he cannot answer that question until his motion for an attorney is answered by the Court.  I explained that I needed to notice Plaintiff's deposition given the upcoming discovery deadlines and to protect Defendants' rights.  Later that day, Defendants filed a status update regarding the parties' impasse over Plaintiffs' deposition and served a second deposition notice on Plaintiff with a deposition date of May 7, 2026 at 1:00 P.M.

6.    On April 16, 2026, I met and conferred telephonically with Plaintiff regarding this *Ex Parte* Application.  I asked if Plaintiff would oppose Defendants' request for leave to file a motion to compel.  Plaintiff responded that he cannot answer about opposing one way or another.  This *ex parte* application is being served on Plaintiff via mail.

2

7.      This is Defendants' first *ex parte* request for leave to file a motion to compel.

8.      Defendants need this relief to mitigate Plaintiff's prejudice-causing conduct and preserve their discovery rights in light of Plaintiff's upcoming re-noticed deposition and the discovery cut-off deadlines.  Without leave to file a motion to compel, Defendants will be unable to uphold their discovery rights and meet the deadlines in the Court's scheduling order.  Defendants need to move to compel Plaintiff's deposition and finalize their motion for summary judgment.

9.      Attached as **Exhibit A** is a true and correct copy of Defendants' proposed "Motion to Compel Plaintiff's Deposition and Motion for Extension of Time" that is ready to be filed with the Court.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on April 16, 2026 in San Diego, California.

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General

LA2025400772

3

# EXHIBIT A

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants
E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>                              Plaintiff,<br><br>    **v.**<br><br>**E. KRANZ, et al.,**<br><br>                              Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME**<br><br>[*No Oral Argument Requested; Any Hearing Date or Briefing Schedule To Be Set by Court*]<br><br>Date:<br>Time:<br>Courtroom:    4<br>Judge:         Hon. Angela C. C. Viramontes<br>Trial Date:    Not set<br>Action Filed: 3/10/2025 |

**TO PLAINTIFF ROBERT ANTHONY GOINS, *PRO SE*:**

**PLEASE TAKE NOTICE** that Defendants E. Heidler and E. Kranz move

(1) to compel Plaintiff's deposition pursuant to Federal Rules of Civil Procedure

30(d)(1) and 37 and (2) for an extension of the discovery cutoff deadline for the

1

*limited purpose* of deposing Plaintiff and the pretrial motion deadline pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4).

**PLEASE TAKE FURTHER NOTICE** that any opposition or statement of non-opposition must be served and filed twenty-one (21) days before the date designated for the hearing of the motion. C.D. Cal. L.R. 7-9; *see also* Viramontes Chambers Rules (Discovery Motion Practice). Failure to file an opposition or statement of non-opposition may be deemed a consent to the granting of the motion. C.D. Cal. L.R. 7-12.

**PLEASE TAKE FURTHER NOTICE** that, consistent with Local Rule 7-15, no oral argument is requested. *See* C.D. Cal. L.R. 7-15. The motion is submitted on the record without a hearing or oral argument unless otherwise ordered by the Court.

**PLEASE TAKE FURTHER NOTICE** that this motion is based on this notice of motion and motion; the attached memorandum of points and authorities; the declaration of Defendants' counsel and the accompanying exhibits; the pleadings, records, and files in this action; and such other matters as may properly come before the Court. Although the meet-and-confer requirement does not apply in this case, *see* Dkt. No. 39 at 5; *see also* Viramontes Chambers Rules (Discovery Motion Practice) C.D. Cal. 7-3; C.D. Cal. 16-12(c), Defendants' counsel met and conferred with Plaintiff during the deposition, during two Pre-Motion Discovery Dispute Conferences, and by a separate telephone call.

Dated: April 16, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

2

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>                    Plaintiff,<br><br>          v.<br><br>**E. KRANZ, et al.,**<br><br>                    Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME**<br><br>[*No Oral Argument Requested: Any Hearing Date or Briefing Schedule To Be Set by Court*]<br><br>Date:<br>Time:<br>Courtroom:   4<br>Judge:          Hon. Angela C. C. Viramontes<br>Trial Date:    Not set<br>Action Filed: 3/10/2025 |

## INTRODUCTION

Plaintiff Robert Anthony Goins, an incarcerated person who is proceeding *pro se*, brings this civil rights action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983.  Dkt. Nos. 1, 32.  On February 12, 2026, Plaintiff began to sit for his deposition.  During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Federal Rule of Civil Procedure 30(d)(3)(A)—alleging "bad faith" regarding his inability to have the "support person" accompany him in the deposition room despite not qualifying for a support person.  Plaintiff lacks any legal basis to refuse answering questions or to terminate his deposition.  Plaintiff has hindered Defendants' discovery rights and refused to comply with his discovery obligations, which prejudices Defendants' ability to defend themselves and prepare for summary judgment.  Accordingly, Defendants move (1) to compel Plaintiff's deposition pursuant to Federal Rules of Civil Procedure 30(d)(1) and 37 and (2) for an extension of the discovery cutoff deadline for the *limited purpose* of deposing Plaintiff and the pretrial motion deadline pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4).

## BACKGROUND

On November 6, 2025, the Court issued its Order Re: Civil Rights Cases, which set discovery and dispositive-motion deadlines.  Dkt. No. 39.  The Court granted Defendants leave to depose Plaintiff.  *Id.* at 2.  Written discovery must be served by April 24, 2026.  *Id.* at 2–3.  The last day to conduct depositions is June 1, 2026.  *Id.* at 2.  The deadline to complete all discovery is June 8, 2026.  *Id.*  The deadline to file discovery motions is June 18, 2026.  *Id.* at 4.  The dispositive motion deadline is July 7, 2026.  *Id.*

On January 8, 2026, Defendants served a deposition notice, which included a request for production of documents to be produced at the deposition, and set the deposition for February 12, 2026 at 9:00 A.M.  Declaration of Macklin W.

1

Thornton in Support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time (Thornton Decl.) ¶ 2; Thornton Decl. Ex. 1.

On February 12, 2026, Plaintiff appeared at his deposition at the confidential room that staff reserved for the deposition. Thornton Decl. ¶ 3; *see also* Thornton Decl. Ex. 2. Before the deposition started, correctional staff informed Defendants' counsel that Plaintiff had an incarcerated "support person" who wished to join Plaintiff at his deposition. Thornton Decl. ¶ 3.

On the record, Defendants' counsel introduced himself, asked some preliminary questions to confirm Plaintiff's identity, and started asking questions about whether Plaintiff understood the ground rules for the deposition. Thornton Decl. Ex. 2 at 5:13–7:1. During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Fed. R. Civ. P. 30(d)(3)(A)— pointing to "bad faith" regarding his inability to have the support person accompany him in the deposition room. *Id.* at 7:4–12, 7:17–18, 7:21–8:3. When Defendants' counsel asked Plaintiff what the support person would help with, Plaintiff responded that the support person would help with emotional and mental health support. *Id.* at 10:6–20. But Plaintiff is not entitled to a support person during his deposition. Dkt. No. 53 ("Plaintiff informed the Court that the prison informed him he does not qualify for a support person during his deposition."); *see also* Thornton Decl. Ex. 2 at 8:25–9:4, 11:21–12:2.

Defendants' counsel informed Plaintiff that the consequences of his failure to participate in his deposition may include facing a motion to compel and sanctions— including terminating sanctions. Thornton Decl. Ex. 2 at 9:12–22. Defendants' counsel suspended the deposition pending input from the Court. *Id.* at 13:11–15. The deposition lasted about sixteen minutes. *Id.* at 5:1–2, 14:5.

Later the same day on February 12, 2026, Defendants' counsel emailed Chambers to request a Pre-Motion Discovery Dispute Conference and detailed the nature of the dispute and the parties' positions on the dispute. Thornton Decl.

2

Ex. 3.  The Court then held two Pre-Motion Discovery Dispute Conferences to address the deposition dispute.  *See* Dkt. Nos. 49, 53.

At the first informal discovery conference on March 4, 2026, the Court gave Plaintiff time to inquire with correctional staff whether he can qualify for assistance at the deposition.  Dkt. No. 49.  Defendants' counsel agreed to notice future deposition for an afternoon timeslot and provide sufficient notice.  *Id.*  The Court then set a second conference.  *Id.*

At the second informal discovery conference on March 25, 2026, "Plaintiff informed the Court that the prison informed him he does not qualify for a support person during his deposition."  Dkt. No. 53.  Despite having his motion for appointment of counsel denied, Plaintiff re-raised the issue and the Court "informed Plaintiff he may file a renewed request if he wants the Court to reconsider appointing counsel."  *Id.*

On April 6, 2026, Defendants' counsel met and conferred telephonically with Plaintiff.  Dkt. No. 54 at 2; Thornton Decl. ¶ 5.  Defendants' counsel asked if Plaintiff would sit for his deposition if Defendants noticed the deposition.  Dkt. No. 54 at 2; Thornton Decl. ¶ 5.  Plaintiff responded that he cannot answer that question until his motion for an attorney is answered by the Court.  Dkt. No. 54 at 2; Thornton Decl. ¶ 5.  Defendants' counsel explained he needed to notice Plaintiff's deposition given the upcoming discovery deadlines and to protect Defendants' rights.  Dkt. No. 54 at 2; Thornton Decl. ¶ 5.  Later that day, Defendants filed a status update regarding the parties' impasse over Plaintiffs' deposition and served a second deposition notice on Plaintiff with a deposition date of May 7, 2026 at 1:00 P.M.  Dkt. No. 54 at 2; Thornton Decl. ¶ 5; Thornton Decl. Ex. 4.

## MOTION TO COMPEL PLAINTIFF'S DEPOSITION

### I.   LEGAL STANDARD

Parties are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1); *see also Palmer v. Vasquez*, No. 1:13-cv-01400-AWI-JLT, 2015 WL 4507547, at *1 (E.D. Cal. July 24, 2015).  The broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth."  *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (citation omitted) (quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950)).  "An important purpose of discovery is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed—perhaps paving the way for a summary judgment motion—and which facts must be resolved at trial."  *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (affirming terminating sanctions).

A party may move for an order compelling answers to deposition questions. Fed. R. Civ. P. 37(a)(3)(B)(i).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  *Bryant v. Ochoa*, No. 07-cv-200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009) (citation omitted) (first citing *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995); and then citing *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).  The party opposing discovery is "required to carry a heavy burden of showing why discovery was denied."  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

4

## II. PLAINTIFF LACKS A LEGAL BASIS TO REFUSE TO ANSWER DEFENDANT'S COUNSEL'S DEPOSITION QUESTIONS AND UNILATERALLY TERMINATE HIS DEPOSITION

During Plaintiff's February 12, 2026 deposition, Plaintiff terminated the deposition before any substantive questions. Plaintiff lacks a valid legal basis to support his actions. In his deposition and the subsequent discovery conferences with the Court, Plaintiff asserted several arguments on why he could skirt his deposition obligations. But each fails.

### A. Plaintiff Cannot Refuse To Answer Deposition Questions and Cannot Terminate a Deposition Based on Lack of a Support Person

During his deposition, Plaintiff advanced a single basis to terminate the deposition: the deposition was conducted in bad faith under Rule 30(d)(3) because he lacked a "support person." Thornton Ex. 2 at 7:4–12, 7:17–18, 7:21–8:3. Refusal to have a support person—which Plaintiff admitted he is not entitled to— does not constitute bad faith to terminate a deposition. Plaintiff's position is unfounded.

The Federal Rules of Civil Procedure are clear. If Plaintiff objects to a deposition question, he may do so. Fed. R. Civ. P. 30(c)(2). However, "the examination still proceeds; the testimony is taken subject to any objection." *Id.* A deponent's ability to refuse to answer is limited only "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." *Id.*; *see also Hill v. Newsom*, No. 2:19-cv-1680 DJC AC P, 2025 WL 1093053, at *6 (E.D. Cal. Apr. 11, 2025) ("Rule 30(c)(2) provides the exclusive grounds for a deponent not to answer a question."), *aff'd,* 2025 WL 1343050 (E.D. Cal. May 8, 2025).

Plaintiff cannot show bad faith regarding not having a support person where he is not entitled to a support person during his deposition—as demonstrated by his own admission. Dkt. No. 53 ("Plaintiff informed the Court that the prison informed him he does not qualify for a support person during his deposition."); *see also*

5

Thornton Decl. Ex. 2 at 8:25–9:4, 11:21–12:2.  And even if he had a support person, the individual would be unable to aid Plaintiff in answering questions. Plaintiff admitted that he did not need the support person to speak for him at the deposition.  *Id.* at 10:6–20.  Because Plaintiff admits that he is not entitled to a support person and the support person would not—and cannot—help Plaintiff answer questions at the deposition, Plaintiff cannot show Defendants' bad faith in pursuing the deposition.  Thus, Plaintiff lacks evidence to explain why he cannot continue with his deposition to recall information regarding an incident that he felt rose to the level of warranting a federal lawsuit.  *See Warner v. Cate*, No. CIV S-09-1568 KJM, 2011 WL 5508856, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff has provided the court with insufficient information and evidence from which the court may conclude that plaintiff's current condition and/or placement are such that he cannot respond to discovery or otherwise participate in this litigation.").

Therefore, Plaintiff's demand for a support person is unfounded.  *See Keen v. Cross*, No. 2:24-CV-0299-JDP (P), 2025 WL 2589654, at *2 (E.D. Cal. Aug. 4, 2025) (granting motion to compel where *pro se* incarcerated plaintiff refused to participate in his deposition based on not seeing video evidence and not being able to speak with the Court or be represented by counsel).

**B.    Plaintiff Cannot Refuse To Answer Deposition Questions and Cannot Terminate a Deposition Based on Lack of Counsel**

During the Pre-Motion Discovery Dispute Conference, Plaintiff's position changed to seeking appointment of counsel to help with discovery—despite the Court already denying his request.  *See* Dkt. No. 52.  But Plaintiff cannot condition his deposition testimony on appointment of counsel.  Plaintiff is not entitled to counsel in a § 1983 action.  *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998); *see also* Dkt. No. 52. And the Court has denied Plaintiff's request for counsel.  Dkt. No. 52.  Thus,

6

Plaintiff's demand for counsel as a condition to sit for his deposition is baseless, has been rejected by the Court, and is not grounds to terminate the deposition under Rule 30(d)(3)—even he had raised the issue at his deposition.

### C. The Court Lacks Personal Jurisdiction to Order CDCR to Supply Plaintiff with a Support Person

To the extent Plaintiff seeks a support person, the Court lacks personal jurisdiction to order CDCR to supply one to Plaintiff

Courts lack jurisdiction over nonparties. *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Here, Plaintiff's request for a support person is outside of the relief this Court can provide. In essence, Plaintiff seeks an order to override CDCR official's determination that "he does not qualify for a support person during his deposition." Dkt. No. 53. But Plaintiff has only named two mental health Defendants that have survived screening in this action in their individual capacities. *See* Dkt. No. 1 at 3; Dkt. No. 6 at 1. Defendants are Senior Psychologist Supervisors. Declaration of E. Heidler in Support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time (Heidler Decl. ¶ 2); Declaration of E. Kranz in Support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time (Kranz Decl. ¶ 2). Defendants lack the unilateral authority to assign a support person to Plaintiff or otherwise require a nonparty incarcerated person to act as a "support person" to Plaintiff. *See* Cal. Code Regs. tit. 15, § 3040(c) ("*[A] classification committee shall refer each incarcerated person to an appropriate work*, Academic Education, Career Technical Education, therapeutic or other institution program." (emphasis added)); Heidler Decl. ¶ 3; Kranz Decl. ¶ 3.

Therefore, the limits of personal jurisdiction and due process restrain Plaintiff's desire to order nonparties to supply his desired relief. *See Zepeda*, 753

F.2d at 727; *see also Clinton v. Allen*, No. 3:23-cv-01471-CAB-SBC, 2024 WL 4668147, at *3 (S.D. Cal. Nov. 4, 2024) (denying motion for injunctive relief where defendants lacked power to enacted Plaintiff's desired relief).

**III. CONCLUSION**

An order compelling Plaintiff's deposition is necessary. Without this relief, Defendants will remain prejudiced in their ability to defend themselves, probe Plaintiff's allegations, and prepare for summary judgment and, if necessary, trial. Plaintiff cannot be permitted to refuse to answer questions or terminate the deposition unilaterally. Accordingly, Defendants seek an order compelling Plaintiff's full deposition and overruling Plaintiff's groundless objections.

## MOTION FOR EXTENSION OF TIME

**I. LEGAL STANDARD**

Courts have the inherent power to modify the due dates on its docket, which is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

An upcoming deadline in a court's scheduling order may be modified upon a showing of good cause. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" analysis under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a secondary consideration, courts consider the degree of prejudice to the opposing party. *Id*. Ultimately, the court is given broad discretion to modify a scheduling order. *Id*. at 607.

8

**II.    PLAINTIFF'S ACTIONS HAVE PREJUDICED DEFENDANTS' ABILITY TO DEPOSE PLAINTIFF AND TO PREPARE FOR SUMMARY JUDGMENT BEFORE THE CURRENT DISCOVERY CUTOFF AND PRETRIAL MOTION DEADLINES**

As demonstrated in the accompanying declaration of counsel and as detailed in the above motion to compel, good cause supports Defendants' request for an extension of the current discovery cutoff deadline and pretrial motion deadline. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). This is Defendants' first request for an extension of the discovery cutoff deadline and pretrial motion deadline. Thornton Decl. ¶ 6; *see generally* Dkt.

By refusing to answer deposition questions and unilaterally terminating his deposition on February 12, 2026, Plaintiff has already hindered and prejudiced Defendants' right to depose Plaintiff regarding his lawsuit. *See* Fed. R. Civ. P 30(a); Doc. No. 39 at 2; Thornton Decl. ¶¶ 7–8. Because of Plaintiff's conduct, Defendants continue to be prejudiced by Plaintiff's noncompliance. Thornton Decl. ¶ 7. Without a complete deposition, Defendants remain unable to adequately assess the case's merits. *Id.* Defendants need an extension of time to receive an order on this motion, notice Plaintiff's deposition, and take Plaintiff's deposition. *Id.* ¶ 8.

Moreover, Defendants remain prejudiced in their ability to prepare a motion for summary judgment, which is currently due July 7, 2026. *See* Doc. No. 39 at 4; Thornton Decl. ¶¶ 7–8. Defendants are concerned that their motion for summary judgment will suffer if they are unable to take Plaintiff's full deposition without Plaintiff's baseless refusals to answer questions and refusal to complete the deposition. Thornton Decl. ¶ 7. Thus, Defendants also seek an extension of the pretrial motion deadline to permit Defendants to use information learned in Plaintiff's deposition to prepare the motion for summary judgment.

Defendants do not anticipate the requested extensions having a significant effect on the progress of this case given that this is the first request for an extension

of discovery cutoff and pretrial motion deadlines—and where the extension is needed to mitigate against the prejudice caused by Plaintiff.  Thornton Decl. ¶¶ 7–8.

Plaintiff's actions have had a cascading effect that prejudices Defendants' ability to complete discovery and prepare for summary judgment under the Court's current discovery cutoff and pretrial motion deadlines.  Accordingly, Defendants seek (1) an extension of the discovery cutoff deadline from June 8, 2026 to 90 days from the date in which the Court rules on Defendants' instant motion for the *limited purpose* of permitting Defendants to depose Plaintiff and (2) an extension of the pretrial motion deadline from July 7, 2026 to 90 days from the date in which the Court sets the new discovery cutoff deadline.

## CONCLUSION

By refusing to answer questions and terminating his deposition, Plaintiff failed to abide by his discovery obligations and prejudiced Defendants' ability to defend themselves and prepare for summary judgment.  Plaintiff's reasoning is not supported by law.  Court intervention is necessary to compel Plaintiff to sit for his full deposition and answer Defendants' questions without baseless objections or his refusal to participate.  Moreover, Plaintiff's actions will likely prevent Defendants from receiving an order on this motion, noticing Plaintiff's deposition, taking Plaintiff's deposition before the current discovery cutoff deadline, and preparing their motion for summary judgment by the current pretrial motion deadline.

Dated: April 16, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

10

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants E. Heidler and E. Kranz, certifies that this brief does not exceed 10 pages, which:

__ complies with the word limit of L.R. 11-6.1.

_X_ complies with the page limit set by the Court's Procedures & Schedules (Discovery Motion Practice).

Dated: April 16, 2026                    Respectfully submitted,

                                         ROB BONTA
                                         Attorney General of California


                                         ***/s/ Macklin Thornton***
                                         MACKLIN THORNTON
                                         Deputy Attorney General
                                         *Attorneys for Defendants*
                                         *E. Heidler and E. Kranz*

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants
E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DECLARATION OF MACKLIN W. THORNTON IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME** |

I, Macklin W. Thornton, declare:

1.     I am a Deputy Attorney General in the Correctional Law Section of the California Attorney General's Office, counsel of record for Defendants E. Kranz and E. Heidler in this action.  I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.  I submit this declaration in support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time.

2.     On January 8, 2026, my office served a deposition notice, which included a request for production of documents to be produced at the deposition, and set the

1

deposition for February 12, 2026 at 9:00 A.M.  Attached as **Exhibit 1** is a true and correct copy of Defendants' Deposition Notice of Plaintiff and Request for Production of Documents, which is dated January 8, 2026.

3.     On February 12, 2026, Plaintiff appeared at his deposition at the confidential room that staff reserved for the deposition.  Before the deposition started, correctional staff informed me that Plaintiff had an incarcerated "support person" who wished to join Plaintiff at his deposition.  Attached as **Exhibit 2** is a true and correct copy of the transcript from Plaintiff's deposition, which is dated February 12, 2026.

4.     Attached as **Exhibit 3** is a true and correct copy of an email from Defendant's counsel to Chambers regarding Defendants' request for a Pre-Motion Discovery Dispute Conference, which is dated February 12, 2026.

5.     On April 6, 2026, I met and conferred telephonically with Plaintiff. I asked if Plaintiff would sit for his deposition if Defendants noticed the deposition. Plaintiff responded that he cannot answer that question until his motion for an attorney is answered by the Court.  I explained that I needed to notice Plaintiff's deposition given the upcoming discovery deadlines and to protect Defendants' rights.  Later that day, Defendants filed a status update regarding the parties' impasse over Plaintiffs' deposition and served a second deposition notice on Plaintiff with a deposition date of May 7, 2026 at 1:00 P.M.  Attached as **Exhibit 4** is a true and correct copy of Defendants' Second Deposition Notice of Plaintiff and Request for Production of Documents, which is dated April 6, 2026.

6.     This is Defendants' first request for an extension of the discovery cutoff deadline and pretrial motion deadline.

7.     Plaintiff's deposition conduct prejudices Defendants by hindering Defendants' ability to defend themselves, assess the case's merits, prepare for summary judgment, and, if necessary, prepare for trial.  Defendants' motion for summary judgment will suffer if they are unable to take Plaintiff's full deposition

2

without Plaintiff's refusals to answer questions and refusal to complete the deposition.

8. Defendants need an extension of time to receive an order on this motion, notice Plaintiff's deposition, take Plaintiff's deposition, and finalize their motion for summary judgment. I do not anticipate the requested extensions having a significant effect on the progress of this case given that this is the first request for an extension of discovery cutoff and pretrial motion deadlines—and where the extension is needed to mitigate against the prejudice caused by Plaintiff.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge. Executed on April 16, 2026 in San Diego, California.

*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General

LA2025400772

3

# EXHIBIT 1

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN W. THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>Defendants. | 2:25-cv-02168-SB-BFM<br><br>**DEFENDANTS' DEPOSITION NOTICE OF PLAINTIFF ANTHONY GOINS; REQUEST FOR PRODUCTION OF DOCUMENTS**<br><br>Date:      February 12, 2026<br>Time:      9:00 a.m.<br>Location:  California Men's Colony |

**PLEASE TAKE NOTICE** that counsel for Defendants E. Heidler and E. Kranz will take the deposition of Plaintiff Anthony Goins at California Men's Colony, Colony Dr, San Luis Obispo, CA 93409, on February 12, 2026 at 9:00 a.m., or as soon thereafter as it may be held, by oral deposition via remote audio-video conference in accordance with Federal Rule of Civil Procedure 30, before a certified shorthand reporter authorized to administer oaths, who will record the deposition stenographically.

If for any reason the taking of the deposition is not completed on the date indicated, the taking of the deposition will be continued, with leave of Court if

1

necessary, at the option of the noticing party, either from day to day thereafter, excluding Saturdays, Sundays, and holidays, or will be continued until a date certain as determined by the noticing party.

All persons to whom this notice is served are shown on the accompanying certificate of service.

**PLEASE TAKE FURTHER NOTICE** that Defendants requests Plaintiff produce the following items for inspection and copying at the scheduled deposition:

1.  All written or recorded statements obtained from any person who witnessed the events that are the subject of your Complaint (Dkt. No. 1).

2.  All statements, correspondence, and other writings that relate to your Complaint (Dkt. No. 1).

3.  All writings prepared by Plaintiff, including diaries, that in any way memorialize the basis of your Complaint (Dkt. No. 1).

4.  All documents that reflect any injuries you suffered as a result of the events that are the subject of your Complaint (Dkt. No. 1).

5.  All documents that reflect any medical treatment you received as a result of the events that are the subject of your Complaint (Dkt. No. 1).

6.  All documents that reflect any financial damages you incurred as a result of the events that are the subject of your Complaint (Dkt. No. 1).

Dated: January 8, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

***/s/ Macklin Thornton***
MACKLIN W. THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

2

Ex. 1-2

## <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

Case Name:    **Robert A. Goins (BL8291) v. E. Kranz, et al.**
Case No.:       **2:25-cv-02168-SB-BFM**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>January 8, 2026</u>, I served the attached **DEFENDANTS' DEPOSITION NOTICE OF PLAINTIFF ANTHONY GOINS; REQUEST FOR PRODUCTION OF DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, San Diego, CA 92101, addressed as follows:

Robert Anthony Goins
CDCR No. BL8291
California Men's Colony
P.O. Box 8101
San Luis Obispo, CA  93409-8101

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>January 8, 2026</u>, at San Diego, California.

|                          |                          |
|--------------------------|--------------------------|
| C. Hernandez             |                          |
| Declarant                | Signature                |

LA2025400772

Ex. 1-3

# EXHIBIT 2

Scheduled Deposition of

# Robert Anthony Goins

February 12, 2026

Robert Anthony Goins (BL8291)

vs.

E. Kranz, et al.



www.aptusCR.com | 866.999.8310

Ex. 2-1

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

--o0o--

_____
                                        )
ROBERT ANTHONY GOINS,                   )
                                        )
            Plaintiff,                  )  Case No.
                                        )
vs.                                     )  2:25-cv-02168-SB-BFM
                                        )
E. KRANZ et al.,                        )
                                        )
            Defendants.                 )
_____)

REMOTE DEPOSITION OF

ROBERT ANTHONY GOINS

(Via Zoom Videoconference)

THURSDAY, FEBRUARY 12, 2026, AT 9:20 A.M.

Reported By:

Heidi Silva, CVR, CSR No. 14672

Job No. 10178783

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

--o0o--

_____
                                )
ROBERT ANTHONY GOINS,           )
                                )
          Plaintiff,            )  Case No.
                                )
vs.                             )  2:25-cv-02168-SB-BFM
                                )
E. KRANZ et al.,                )
                                )
          Defendants.           )
_____)

          Remote deposition of ROBERT ANTHONY GOINS, taken on behalf of Defendants, beginning at 9:20 a.m. and ending at 9:36 a.m., on Thursday, February 12, 2026, before Heidi J. Silva, Certified Shorthand Reporter No. 14672.

www.aptusCR.com

Ex. 2-3

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

A P P E A R A N C E S

(Remotely, via Zoom videoconference)


For Plaintiff:

     ROBERT ANTHONY GOINS
     CDCR Number BL8291
     California Men's Colony
     P.O. Box 8101
     San Luis Obispo, California 93409
     BY:  ROBERT ANTHONY GOINS
          (PRO SE)


For Defendants:

     OFFICE OF THE ATTORNEY GENERAL
     600 West Broadway, Suite 1800
     San Diego, California 92101
     (619) 321-5166
     BY:  MACKLIN W. THORNTON, ESQ.
          macklin.thornton@doj.ca.gov


Also Present:

     Kristi Lin, Office of the Attorney General

     Taylor Zhao, Office of the Attorney General

     Viviana Salazar Sherman, Observing Court Reporter

     Vincent Taisague, Aptus Monitor

Robert Anthony Goins

INDEX TO EXAMINATION

Examination of Witness                                                    Page

    BY MR. THORNTON                                                    5

--o0o--

INDEX TO EXHIBITS

(None.)

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

Robert Anthony Goins

                        February 12, 2026
                          9:20 a.m.
                          --oOo--

        THE COURT REPORTER:  Good morning.  My name is
Heidi Silva, and I am the certified shorthand reporter
for today's proceeding.  My license number is 14672.
        Mr. Goins, could you please raise your right
hand.

                        ROBERT GOINS,
having been first duly sworn, was examined and testified
                        as follows:
                        EXAMINATION
BY MR. THORNTON:
    Q   Good morning.  We are all appearing by
videoconference today.
    Mr. Goins, if at any time you cannot hear me, please
say so.  My name is Macklin Thornton, and I am a deputy
attorney general with the California Attorney General's
office.
    Today, I am taking a deposition regarding your
lawsuit, Goins v. Kranz and others,
Case Number 2:25-CV-2168.  I represent Defendants E.
Kranz and E. Heidler.  I also have my colleagues Kristi
Lin and Taylor Zhao here with me.  They will be merely
observing.
    Mr. Goins, could you please state your name and

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

spell it for the record, please.

A   Robert Anthony Goins.  R-o-b-e-r-t A-n-t-h-o-n-y G-o-i-n-s.

Q   What is your date of birth, sir?

A   8-1-87.

Q   And you are incarcerated; correct?

A   Correct.

Q   And you have a California Department of Corrections and Rehabilitation, or CDCR, number; correct?

A   Correct.

Q   What is your CDCR number?

A   BL8291.

Q   You are the plaintiff in this case.
Are you representing yourself?

A   I am.

Q   I am now going to discuss some ground rules for the deposition before we continue with the rest of the questions.
Do you understand that you are here testifying under oath, meaning you are testifying under the penalty of perjury?

A   Correct.

Q   Your testimony today is exactly as if you were testifying in court.  Do you understand that?

Ex. 2-7

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

A   Yes.

Q   Do you agree to tell me the full and accurate truth today?

A   Actually, I'm going to move to terminate these proceedings under Rule 30(d)(3)(a).  This hearing is being conducted in bad faith.  I believe that I am entitled to have a support person here.  My due process is at jeopardy of being violated, so I am going to file for a lawyer.  My -- my right to a support person has been denied, and there is a good chance with representation that I could win this case and have a jury rule in my favor at trial.

Q   Your objection is noted for the record, sir. We'll continue with this deposition.

Do you agree to tell me the full and accurate truth today?

A   I'm going to move to terminate these proceedings under Rule 30(d)(3)(a).

Q   What is your basis for termination again, sir?

A   This hearing is being conducted in bad faith.

Q   But why is the hearing being conducted in bad faith?

A   I believe I am entitled to have a support person here, and my due process is at jeopardy of being violated.  Like, the person that was helping me with

Case 2:25-cv-02168-SB-ACCV   Document 58-1   Filed 04/16/26   Page 35 of 59   Page ID #:281

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs. E. Kranz, et al.

this paroled and -- and right now, my voice isn't really loud.  I'm off of my meds, and I just -- it's just -- it's not working.

Q   Thank you for letting me know.

What is the name of the support person who was paroled?

A   Excuse me?

Q   What was the name of the support person you said was paroled who was helping you?

A   I believe James Tillman.

Q   Did Mr. Tillman help you write your complaint?

A   Well, he kind of just guided me through it. He's been guiding me through this whole process, but he's not here now.  And I found somebody that would help me, and I'm being denied having him present.

Q   Who is the new person who you believe is helping you?

A   His last name is Tate, T-a-t-e.  Tate.

Q   And what is his first name?

A   I don't know his first name.  I don't, like, know him on a first-name basis.

Q   All right.  Is he incarcerated with you in your same housing unit?

A   Yes.

Q   In your -- in your C file or in your records,

Page 8
www.aptusCR.com
Ex. 2-9

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

are you otherwise entitled to assistance or aid, such as the folks with, like, the yellow or colored jackets on the yard?

A   No, I am not.

Q   Mr. Goins, I don't think you have a basis to terminate this deposition right now, and I am going to continue asking some questions.  Okay?

Do you agree to tell me the full and accurate truth today?

A   And I am going to move to terminate these proceedings under Rule 30(d)(3)(a).

Q   Okay.  I hear you, sir.  I want to let you know what I will do if you refuse to answer my questions today.  I am going to file a motion to compel with the Court to compel your deposition because that is an incorrect basis to terminate this deposition.  I can also ask for other sanctions.

If the Court grants my motion to compel a deposition in this case and you continue to refuse to participate in that deposition, I will then move for terminating sanctions because of your failure to participate in your own case.

Do you understand that?

A   And I am informing you that my voice isn't really loud.  I am off my meds.  I have a mental

problem.  Like, I have issues that I am dealing with this morning, and I had a support person here for that reason as well, and I've been denied that.  So once again, I am going to move to terminate these proceedings under Rule 30(d)(3)(a).

Q  Sir, what would your support person help with during this deposition?

A  I said all I'm gonna say thus far.

Q  Sir, I'm trying to better understand, for the record, to see what kind of help you're requesting.  Because in a deposition, you're not allowed to consult with someone else while questions are being asked and while you're answering questions.  Although you may consult on breaks, you can't --

A  It's not about -- it's not about answering questions.  I don't need him to speak for me.  The support person is solely here to let me know that everything is going to be okay, keep me calm, and help me get through what I'm getting dealing with mentally, as well as -- you know what?  So like I said, I feel like this hearing is being conducted in bad faith, and I'm going to move to terminate these proceedings under Rule 30(d)(3)(a).

Q  Okay.  Mr. Goins, do you mind if I take a short two- to three-minute break and then come back on the

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

record really quick?

A   I told you what I'm doing.  So --

Q   Okay.  Do you mind if I just take a quick -- to go over my notes really quick before we get back on the record?

A   There's no need to get back on the record.  I'm trying to terminate these proceedings.

Q   I know.  But I would like to formally wrap things up on my end to make sure that I have the things I need.

A   Understood.

Q   Can we just take, like, a three-minute break, please, sir?

A   Understood.

MR. THORNTON:  Madam Court Reporter, can we go off the record for about three minutes?

THE COURT REPORTER:  Yes.  We can go off the record.

MR. THORNTON:  Thank you.  One second.

(Break taken.)

MR. THORNTON:  All right.  For the record, we took a short break.  I consulted with my supervisor, and then we consulted with the correctional staff outside. It appears Mr. Goins's requested support person is not documented to help him in this situation in the

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

confidential room that he's sitting in today for the deposition. And Mr. Goins --

THE WITNESS: This is a public proceeding, though. This is a public proceeding. So how's it confidential? There's nothing confidential about this.

MR. THORNTON: I understand that, sir, but you're in a security setting right now where that isn't -- that's not permitted, and I can't control what the correctional staff -- I can't change their policy.

And if they're doing depositions in these confidential rooms, I think they -- he just told me -- you overheard him -- that they don't allow undocumented support people in these settings unless they're documented.

THE WITNESS: But that's not the rule. The rule -- I'm allowed to have a support person. They're saying CDCR -- as far as CDCR is concerned, the prison -- yes. Okay. I understand that part. But this is public. Right? This is not a confidential -- there's nothing confidential about this, so I'm allowed to have a support person in here.

MR. THORNTON: I know. It's the room you're in, and you heard him tell me -- I asked. I'm trying to bend over backwards to help.

THE WITNESS: And I just -- I feel like -- I'm

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

at a loss because I don't know what I'm doing.  I don't know what I'm doing here.  I don't -- you know, like I said.  So --

MR. THORNTON:  Okay.  I hear you, sir.  I wish we could continue this depo today -- deposition today.

Are you unwilling to sit for this deposition?

THE WITNESS:  So, as I was saying, I'm just going to move to terminate the proceedings under the rule.

MR. THORNTON:  Okay.  I understand, sir.

Then in that case, I'm going to move to suspend this deposition pending the result for a forthcoming motion to compel that I will be drafting for the Court's review and see if we can review it that way and get the Court's input that way.

Madam Court Reporter, I think that's everything we need right now.  Do you need anything else?

THE COURT REPORTER:  No, Counsel.  Thank you.

MR. THORNTON:  All right.  The time is 9:36 a.m. on February 12, 2026.  Mr. Goins doesn't feel comfortable to continue with this deposition and has requested to terminate it.  My office will be preparing a motion to compel to bring this matter before the Court.  Thank you for everyone's time.

Mr. Goins, take care, and I look forward to a

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

conversation with you in the future.

THE WITNESS:  Okay.

MR. THORNTON:  Can we go off the record?

THE WITNESS:  Yes.

(Deposition suspended at 9:36 a.m.)

--o0o--

REPORTER'S CERTIFICATE

I, Heidi J. Silva, Certified Shorthand Reporter No. 14672 for the State of California, do hereby certify:

That prior to being examined, the witness named in the foregoing deposition was duly sworn to testify the truth, the whole truth, and nothing but the truth.

That said deposition was taken down verbatim by me at the time and place therein named and that the foregoing pages constitute a true, correct, and complete transcript of said proceedings.

I further certify that I am not interested in the outcome of this action, nor related to any of the parties in said actions or to their respective counsel in any manner.

Witness my hand on this 12th day of February 2026.

_____

Heidi Silva, CSR No. 14672

**Robert Anthony Goins**

**-**

--o0o--  5:2 14:6

**1**

**12**  5:1 13:20

**14672**  5:5

**2**

**2026**  5:1 13:20

**2:25-CV-2168**  5:21

**3**

**30(d)(3)(a)**  7:5,18 9:11 10:5,23

**8**

**8-1-87**  6:5

**9**

**9:36**  13:20 14:5

**A**

**A-N-T-H-O-N-Y**  6:2

**a.m.**  5:1 13:20 14:5

**accurate**  7:2,15 9:8

**agree**  7:2,15 9:8

**aid**  9:1

**allowed**  10:11 12:16, 20

**answering**  10:13,15

**Anthony**  6:2

**appearing**  5:13

**appears**  11:24

**assistance**  9:1

**attorney**  5:17

**B**

**back**  10:25 11:4,6

**backwards**  12:24

**bad**  7:6,20,21 10:21

**basis**  7:19 8:21 9:5, 16

**bend**  12:24

**birth**  6:4

**BL8291**  6:13

**break**  10:25 11:12,20, 22

**breaks**  10:14

**bring**  13:23

**C**

**California**  5:17 6:8

**calm**  10:18

**care**  13:25

**case**  5:21 6:14 7:11 9:19,22 13:11

**CDCR**  6:9,12 12:17

**certified**  5:4

**chance**  7:10

**change**  12:9

**colleagues**  5:22

**colored**  9:2

**comfortable**  13:21

**compel**  9:14,15,18 13:13,23

**complaint**  8:11

**concerned**  12:17

**conducted**  7:6,20,21 10:21

**confidential**  12:1,5, 11,19,20

**consult**  10:11,14

**consulted**  11:22,23

**continue**  6:18 7:14 9:7,19 13:5,21

**control**  12:8

**conversation**  14:1

**correct**  6:6,7,10,11, 23

**correctional**  11:23 12:9

**Corrections**  6:9

**Counsel**  13:18

**court**  5:3 6:25 9:15, 18 11:15,17 13:16, 18,24

**Court's**  13:13,15

**D**

**date**  6:4

**dealing**  10:1,19

**Defendants**  5:21

**denied**  7:10 8:15 10:3

**Department**  6:8

**depo**  13:5

**deposition**  5:19 6:18 7:14 9:6,15,16,18,20 10:7,11 12:2 13:5,6,

12,21 14:5

**depositions**  12:10

**deputy**  5:16

**discuss**  6:17

**documented**  11:25 12:14

**drafting**  13:13

**due**  7:7,24

**duly**  5:9

**E**

**end**  11:9

**entitled**  7:7,23 9:1

**everyone's**  13:24

**EXAMINATION**  5:11

**examined**  5:9

**Excuse**  8:7

**F**

**failure**  9:21

**faith**  7:6,20,22 10:21

**favor**  7:12

**February**  5:1 13:20

**feel**  10:20 12:25 13:20

**file**  7:8 8:25 9:14

**first-name**  8:21

**folks**  9:2

**formally**  11:8

**forthcoming**  13:12

**forward**  13:25

**found**  8:14

Robert Anthony Goins

Robert Anthony Goins (BL8291) vs.
E. Kranz, et al.

**full** 7:2,15 9:8

**future** 14:1

---

### G

**G-O-I-N-S** 6:3

**general** 5:17

**General's** 5:17

**Goins** 5:6,8,15,20,25 6:2 9:5 10:24 12:2 13:20,25

**Goins's** 11:24

**good** 5:3,13 7:10

**grants** 9:18

**ground** 6:17

**guided** 8:12

**guiding** 8:13

---

### H

**hand** 5:7

**hear** 5:15 9:12 13:4

**heard** 12:23

**hearing** 7:5,20,21 10:21

**Heidi** 5:4

**Heidler** 5:22

**helping** 7:25 8:9,16

**housing** 8:23

**how's** 12:4

---

### I

**incarcerated** 6:6 8:22

**incorrect** 9:16

**informing** 9:24

**input** 13:15

**issues** 10:1

---

### J

**jackets** 9:2

**James** 8:10

**jeopardy** 7:8,24

**jury** 7:12

---

### K

**kind** 8:12 10:10

**Kranz** 5:20,22

**Kristi** 5:22

---

### L

**lawsuit** 5:20

**lawyer** 7:9

**letting** 8:4

**license** 5:5

**Lin** 5:23

**loss** 13:1

**loud** 8:2 9:25

---

### M

**Macklin** 5:16

**Madam** 11:15 13:16

**make** 11:9

**matter** 13:23

**meaning** 6:21

**meds** 8:2 9:25

**mental** 9:25

**mentally** 10:19

**mind** 10:24 11:3

**minutes** 11:16

**morning** 5:3,13 10:2

**motion** 9:14,18 13:13,23

**move** 7:4,17 9:10,20 10:4,22 13:8,11

---

### N

**noted** 7:13

**notes** 11:4

**number** 5:5,21 6:9,12

---

### O

**oath** 6:21

**objection** 7:13

**observing** 5:24

**office** 5:18 13:22

**overheard** 12:12

---

### P

**paroled** 8:1,6,9

**part** 12:18

**participate** 9:19,21

**penalty** 6:21

**pending** 13:12

**people** 12:13

**perjury** 6:22

**permitted** 12:8

**person** 7:7,9,23,25 8:5,8,16 10:2,6,17

11:24 12:16,21

**plaintiff** 6:14

**policy** 12:9

**preparing** 13:22

**present** 8:15

**prison** 12:18

**problem** 10:1

**proceeding** 5:5 12:3, 4

**proceedings** 7:5,17 9:11 10:4,22 11:7 13:8

**process** 7:7,24 8:13

**public** 12:3,4,19

---

### Q

**questions** 6:19 9:7, 13 10:12,13,16

**quick** 11:1,3,4

---

### R

**R-O-B-E-R-T** 6:2

**raise** 5:6

**reason** 10:3

**record** 6:1 7:13 10:10 11:1,5,6,16,18,21 14:3

**records** 8:25

**refuse** 9:13,19

**Rehabilitation** 6:9

**reporter** 5:3,4 11:15, 17 13:16,18

**represent** 5:21

**representation** 7:11

**Robert Anthony Goins**

**representing** 6:15

**requested** 11:24 13:22

**requesting** 10:10

**rest** 6:18

**result** 13:12

**review** 13:14

**Robert** 5:8 6:2

**room** 12:1,22

**rooms** 12:11

**rule** 7:5,12,18 9:11 10:5,23 12:15,16 13:9

**rules** 6:17

---

**S**

---

**sanctions** 9:17,21

**security** 12:7

**setting** 12:7

**settings** 12:13

**short** 10:24 11:22

**shorthand** 5:4

**Silva** 5:4

**sir** 6:4 7:13,19 9:12 10:6,9 11:13 12:6 13:4,10

**sit** 13:6

**sitting** 12:1

**situation** 11:25

**solely** 10:17

**speak** 10:16

**spell** 6:1

**staff** 11:23 12:9

**state** 5:25

**supervisor** 11:22

**support** 7:7,9,23 8:5, 8 10:2,6,17 11:24 12:13,16,21

**suspend** 13:11

**suspended** 14:5

**sworn** 5:9

---

**T**

---

**T-A-T-E** 8:18

**taking** 5:19

**Tate** 8:18

**Taylor** 5:23

**terminate** 7:4,17 9:6, 10,16 10:4,22 11:7 13:8,22

**terminating** 9:20

**termination** 7:19

**testified** 5:9

**testifying** 6:20,21,25

**testimony** 6:24

**things** 11:9

**Thornton** 5:12,16 11:15,19,21 12:6,22 13:4,10,19 14:3

**three-minute** 10:25 11:12

**Tillman** 8:10,11

**time** 5:15 13:19,24

**today** 5:14,19 6:24 7:3,16 9:9,14 12:1 13:5

**today's** 5:5

**told** 11:2 12:11

**trial** 7:12

**truth** 7:3,15 9:8

**two-** 10:25

---

**U**

---

**understand** 6:20,25 9:23 10:9 12:6,18 13:10

**Understood** 11:11,14

**undocumented** 12:12

**unit** 8:23

**unwilling** 13:6

---

**V**

---

**videoconference** 5:14

**violated** 7:8,25

**voice** 8:1 9:24

---

**W**

---

**win** 7:11

**working** 8:3

**wrap** 11:8

**write** 8:11

---

**Y**

---

**yard** 9:3

**yellow** 9:2

---

**Z**

---

**Zhao** 5:23

# EXHIBIT 3

| | |
|---|---|
| **From:** | Macklin Thornton |
| **To:** | ACCV_chambers@cacd.uscourts.gov |
| **Subject:** | Goins v. Kranz, No. 2:25-cv-02168) - Request for Pre-Motion Discovery Dispute Conference |
| **Date:** | Thursday, February 12, 2026 3:09:00 PM |

Good afternoon,

I represent Defendants in *Goins v. Eugene Kranz, et al.*, No. 2:25-cv-02168-SB-BFM (C.D. Cal.), which is brought by an incarcerated Plaintiff.  Pursuant to Judge Viramontes's Chambers Rules, Defendants request a Pre-Motion Discovery Dispute Conference regarding Plaintiff's deposition.

Because Plaintiff is incarcerated, my office will serve a PDF copy of this email to him via mail.

**I.      Discovery Cut-off Dates**:

Written discovery must be served by April 24, 2026.  Dkt. No. 39 at 2–3.  The last day to conduct depositions is June 1, 2026.  *Id.* at 2.  The deadline to complete all discovery is June 8, 2026.  *Id.*  The deadline to file discovery motions is June 18, 2026.  *Id.* at 4.

**II.      Proposed Dates for Video Conference**:

After consulting with the Litigation Coordinator's office at California Men's Colony, Defendant and the institution can accommodate a video conference on the following dates and times:

- February 25, 2026 – 10:45 a.m. - 12:45 p.m.
- March 4, 2026 – 9:00 a.m. - 1:00 p.m.
- March 11, 2026 – 9:00 a.m. - 1:00 p.m.

**III.      Neutral Statement of Dispute**:

Counsel provides this statement based on his recollection given that the deposition transcript is not yet available.

On January 8, 2026, Defendants served a deposition notice, which included a request for production of documents to be produced at the deposition, and set the deposition for February 12, 2026 at 9:00 a.m.

On February 12, 2026, Plaintiff appeared at his deposition at the confidential room that staff reserved for the deposition.  Before the deposition started, correctional staff informed Defendants' counsel that Plaintiff had an incarcerated "support person" who wished to join Plaintiff at his deposition.

After conferring with his supervisor, Defendants' counsel did not object to the support person joining Plaintiff but deferred to correctional staff whether they have a security or operational issue that would bar the other person from joining.  Given the setting, correctional staff did not permit the support person to join Plaintiff.  Correctional staff explained that the support person was not documented or approved to help Plaintiff in this setting and that Plaintiff did not have a note in his file requiring such assistance.

On the record, Defendants' counsel introduced himself, asked some preliminary questions to confirm Plaintiff's identity, and started asking questions about whether Plaintiff understood the ground rules for the deposition.  During questioning about the ground rules, Plaintiff expressed his desire to terminate the deposition under Fed. R. Civ. P. 30(d)(3)—pointing to "bad faith" regarding his inability to have the support person accompany him in the deposition room.  When Defendants' counsel asked Plaintiff what the support person would help with,

Ex. 3-1

Plaintiff responded that the support person would help with emotional and mental health support.

Defendants' counsel explained Plaintiff's reasoning was insufficient to refuse participation in his deposition. Defendants' counsel also warned Plaintiff that Defendants would pursue a motion to compel Plaintiff's deposition testimony. Instead of proceeding with the deposition, Plaintiff opted to terminate the deposition.

**IV.    Brief Description of the Parties' Position on the Dispute**:

   A. ***Defendants' Position***:

A deponent's ability to refuse to answer is limited only "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Plaintiff cannot condition his deposition testimony on the attendance of his nonlawyer support person where the support person was not documented or approved to help Plaintiff in this setting and Plaintiff did not have a note in his file requiring such assistance. *Cf. Keen v. Cross*, No. 2:24-cv-0299-JDP (P), 2025 WL 2589654, at *2 (E.D. Cal. Aug. 4, 2025) (granting motion to compel where *pro se* incarcerated plaintiff refused to participate in his deposition based on not seeing video evidence and not being able to speak with the Court or be represented by counsel). Moreover, Plaintiff lacks evidence or information to explain why he cannot continue with his deposition to recall information regarding an incident that he felt rose to the level of warranting a federal lawsuit. *See Warner v. Cate*, No. CIV S-09-1568 KJM, 2011 WL 5508856, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff has provided the court with insufficient information and evidence from which the court may conclude that plaintiff's current condition and/or placement are such that he cannot respond to discovery or otherwise participate in this litigation."),

   B. ***Plaintiff's Position***:

Based on Defendants' counsel's understanding of Plaintiff's position, Plaintiff thinks he can terminate the deposition if his support person cannot join under Fed. R. Civ. P. 30(d)(3).


Best,

**Macklin Thornton | Deputy Attorney General | Correctional Law Section**
*Office of the Attorney General | California Department of Justice*
Email: Macklin.Thornton@doj.ca.gov| Office: (619) 321-5166

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

Ex. 3-2

# EXHIBIT 4

ROB BONTA
Attorney General of California
ANNE M. KAMMER
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DEFENDANTS' SECOND DEPOSITION NOTICE OF PLAINTIFF ROBERT ANTHONY GOINS; REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| **E. KRANZ, et al.,** | |
| Defendants. | Date:        May 7, 2026<br>Time:        1:00 P.M.<br>Location:    California Men's Colony |

**PLEASE TAKE NOTICE** that counsel for Defendants E. Heidler and E. Kranz will continue the previously suspended deposition of Plaintiff Anthony Goins at California Men's Colony, Colony Dr, San Luis Obispo, CA 93409, on May 7, 2026 at 1:00 P.M., or as soon thereafter as it may be held, by oral deposition via remote audio-video conference in accordance with Federal Rule of Civil Procedure 30, before a certified shorthand reporter authorized to administer oaths, who will record the deposition stenographically.

If for any reason the taking of the deposition is not completed on the date indicated, the taking of the deposition will be continued, with leave of Court if

1

Ex. 4-1

necessary, at the option of the noticing party, either from day to day thereafter, excluding Saturdays, Sundays, and holidays, or will be continued until a date certain as determined by the noticing party.

All persons to whom this notice is served are shown on the accompanying certificate of service.

**PLEASE TAKE FURTHER NOTICE** that, as in Defendants' first deposition notice served January 8, 2026, Defendants request Plaintiff produce the following items for inspection and copying at the scheduled deposition:

1. All written or recorded statements obtained from any person who witnessed the events that are the subject of your Complaint (Dkt. No. 1).

2. All statements, correspondence, and other writings that relate to your Complaint (Dkt. No. 1).

3. All writings prepared by Plaintiff, including diaries, that in any way memorialize the basis of your Complaint (Dkt. No. 1).

4. All documents that reflect any injuries you suffered as a result of the events that are the subject of your Complaint (Dkt. No. 1).

5. All documents that reflect any medical treatment you received as a result of the events that are the subject of your Complaint (Dkt. No. 1).

6. All documents that reflect any financial damages you incurred as a result of the events that are the subject of your Complaint (Dkt. No. 1).

Dated: April 6, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
ANNE M. KAMMER
Supervising Deputy Attorney General

***/s/ Macklin Thornton***
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

2

Ex. 4-2

## <u>DECLARATION OF SERVICE BY U.S. MAIL</u>

Case Name:    **Robert A. Goins (BL8291) v. E. Kranz, et al.**
No.:          **2:25-cv-02168-SB-ACCV**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service with postage thereon fully prepaid that same day in the ordinary course of business.

On <u>April 6, 2026</u>, I served the attached **DEFENDANTS' SECOND DEPOSITION NOTICE OF PLAINTIFF ROBERT ANTHONY GOINS; REQUEST FOR PRODUCTION OF DOCUMENTS** by placing a true copy thereof enclosed in a sealed envelope in the internal mail collection system at the Office of the Attorney General at 600 West Broadway, Suite 1800, San Diego, CA 92101, addressed as follows:

**Robert Anthony Goins**
**CDCR No. BL8291**
**California Men's Colony**
**P.O. Box 8101**
**San Luis Obispo, CA 93409-8101**

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on April 6, 2026, at San Diego, California.

| C. Hernandez | |
| --- | --- |
| Declarant | Signature |

LA2025400772

Ex. 4-3

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DECLARATION OF E. HEIDLER IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME** |
| **v.** | |
| **E. KRANZ, et al.,** | |
| Defendants. | |

I, E. Heidler, declare:

1. I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so. I submit this declaration in support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time.

2. I work as a Senior Psychologist Supervisor at California Men's Colony (CMC), which is an institution part of the California Department of Corrections and Rehabilitation (CDCR).

1

3.     In my role, I do not have authority to unilaterally make job assignments, such as assigning a nonparty inmate to act as a "support person" to Plaintiff in his deposition or assist Plaintiff in other ways.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on April __13_, 2026 in San Luis Obispo, California.

*Elizabeth Heidler, PhD*

E. HEIDLER
Senior Psychologist Supervisor
California Men's Colony

LA2025400772

2

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone: (619) 321-5166
  Fax: (916) 732-7920
  E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DECLARATION OF E. KRANZ IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME** |
| v. | |
| **E. KRANZ, et al.,** | |
| Defendants. | |

I, E. Kranz, declare:

1.    I am competent to testify to the matters set forth in this declaration and, if called upon by this Court, would do so.  I submit this declaration in support of Defendants' Motion to Compel Plaintiff's Deposition and Motion for Extension of Time.

2.    I work as a Senior Psychologist, Supervisor at California Men's Colony (CMC), which is an institution part of the California Department of Corrections and Rehabilitation (CDCR).

1

3.    In my role, I do not have authority to unilaterally make job assignments, such as assigning a nonparty inmate to act as a "support person" to Plaintiff in his deposition or assist Plaintiff in other ways.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on April 14, 2026 in San Luis Obispo, California.

E. KRANZ
Senior Psychologist, Supervisor
California Men's Colony

LA2025400772

2

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | Case No. 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION AND MOTION FOR EXTENSION OF TIME** |
| **v.** | |
| **E. KRANZ, et al.,** | |
| Defendants. | |

Plaintiff Robert Anthony Goins, an incarcerated person who is proceeding *pro se*, brings this civil rights action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983.  Dkt. Nos. 1, 32.  Defendants move (1) to compel Plaintiff's deposition pursuant to Federal Rules of Civil Procedure 30(d)(1) and 37 and (2) for an extension of the discovery cutoff deadline for the limited purpose of deposing Plaintiff and the pretrial motion deadline pursuant to Federal Rules of Civil Procedure 6(b)(1)(A) and 16(b)(4).

Upon due consideration and good cause appearing, the Court **GRANTS** Defendants' motions.  Accordingly, the Court **ORDERS** the following:

1.     The Court **ORDERS** Plaintiff to sit for his full deposition.  Given Plaintiff's conduct during the prior deposition on February 12, 2026, Defendants

1

may depose Plaintiff for an additional seven hours.  *See* Fed. R. Civ. P. 30(d)(1)–(2).

2.    To the extent Plaintiff objects to deposition questions based on his inability to have a support person or attorney at the deposition, Plaintiff's objections are **OVERRULED**.  Plaintiff is not entitled to appointment of counsel. *See* Dkt. No. 52.  And the Court lacks personal jurisdiction to order correctional staff to supply Plaintiff with a support person.  *See Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

3.    To the extent Plaintiff objects to deposition questions and refuses to answer the questions, Plaintiff's objections are **OVERRULED**.  Plaintiff may note the objection for the record, but the Court **ORDERS** Plaintiff answer the question. Plaintiff cannot refuse to answer a question or terminate the deposition unless necessary "to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2).

4.    The Court **EXTENDS** the discovery cutoff deadline from June 8, 2026 to _____ __, **2026** for the *limited purpose* of permitting Defendants to depose Plaintiff.  Any further motions necessary to compel discovery related to Plaintiff's deposition or motions permitted under Federal Rules of Civil Procedure 37(b) or 41(b) related to Plaintiff's deposition shall be filed no later than ten calendar days after the discovery cutoff date.

5.    The Court **EXTENDS** the pretrial motion deadline from July 7, 2026 to _____ __, **2026**.  The parties must follow the briefing schedule outlined in the Court's scheduling order.  *See* Dkt. No. 39 at 4–5.

/ / /

/ / /

/ / /

/ / /

/ / /

2

6.    If Plaintiff does not comply with this order in full, Plaintiff may be subject to sanctions—including the payment of Defendants' attorneys' fees or dismissal of the action or proceeding in whole or in part.  *See* Fed. R. Civ. P. 37, 41.

**IT IS SO ORDERED**.

Dated:  _____    _____
The Honorable Angela C. C. Viramontes
United States Magistrate Judge

LA2025400772

3