ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,** | 2:25-cv-02168-SB-ACCV |
| Plaintiff, | **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' FIRST *EX PARTE* APPLICATION TO FILE DOCUMENTS UNDER SEAL** |
| **v.** | |
| **E. KRANZ, et al.,** | |
| Defendants. | [*No Oral Argument Requested*] |
| | Judge:        Hon. Angela C. C. Viramontes |
| | Action Filed: 3/10/2025 |

**INTRODUCTION**

Plaintiff Robert Anthony Goins, an incarcerated person who is proceeding *pro se*, brings this civil rights action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983.  Dkt. Nos. 1, 32.  Pursuant to Local Rule 79-5, Defendants move *ex parte* to file documents under seal in support of their motion for summary judgment.  To protect Plaintiff's privacy interests, Defendants seek to seal Plaintiff's medical and mental health records, which are identified as Exhibit 1 of the Declaration of J. Willingham in Support of Defendants' Motion for Summary

1

Judgment (and which is attached in full in the Declaration of Macklin W. Thornton in Support of Defendants' First *Ex Parte* Application to File Documents Under Seal (Thornton Decl.)).

### LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978)).  Thus, "a 'strong presumption in favor of access' is the starting point.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Generally, "[a] party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard.  That is, the party must 'articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . .'" *Id.* at 1178–79 (citation and brackets omitted) (first quoting *Foltz*, 331 F.3d at 1135; and then citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

"The factors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Hagestad*, 49 F.3d at 1434 (quoting *E.E.O.C. v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990)); *see also Kamakana*, 447 F.3d 1172, 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes.'").

**ARGUMENT**

Despite Plaintiff putting his medical records at issue in filing this action, the Court should seal Plaintiff's medical and mental health records under the "compelling reasons" standard.  The California Department of Corrections and Rehabilitation (CDCR) and California Correctional Health Care Services (CCHCS) closely guard the confidentiality of certain documents that might jeopardize the safety and security of any person of the institution or specific medical or psychological information, which, if known to the inmate, may be medically or psychologically detrimental to the inmate.  *See* Cal. Code Regs. tit. 15, §§ 3321, 3370(b), 3999.215(a), 3999.216(c); *see also* Declaration of J. Willingham in Support of Defendants' Motion for Summary Judgment ¶¶ 2, 4. The need to protect medical privacy generally outweighs the public interest in disclosure of medical records and thus qualifies as a compelling reason to file such records under seal. *See, e.g.*, *Castle v. Serrano*, No. 2:21-cv-01994-JVS-MAR, (C.D. Cal. Oct. 18, 2023), Dkt. No. 78 (granting defendants' application to seal); *Aguilar v. Semaia*, No. 5:26-cv-00023-MCS-SSC, 2026 WL 166906, at *1 n.1 (C.D. Cal. Jan. 16, 2026) ("[C]ompelling reasons exist to seal the filings because they reveal confidential information about Petitioner's health."); *Williams v. Nevada Dep't of Corr.*, No. 2:cv-CV-941-JAD-VCF, 2014 WL 3734287, at *1 (D. Nev. July 29, 2014) ("[T]he need to protect medical privacy has qualified as a 'compelling reason,' for sealing records in connection with a dispositive motion.").

In support of their concurrently filed summary-judgment motion, Defendants' motion contains information regarding Plaintiff's medical and mental health treatment and diagnoses.  *See* Thornton Decl. ¶ 2.  Disclosing this information may potentially subject Plaintiff to undue risks and an invasion of privacy if the information were inadvertently disseminated to other inmates.  Therefore, there are compelling reasons to file the documents under seal.

3

## CONCLUSION

In sum, Plaintiff's medical and mental health records are crucial evidence to his Eighth Amendment claim for medical indifference.  But these records contain sensitive medical information that CCHCS and CDCR treat as private and confidential.  To protect Plaintiff's privacy interests in his medical records, Defendants request the Court to permit them to file these documents under seal.

Dated: July 2, 2026                    Respectfully submitted,

                                       ROB BONTA
                                       Attorney General of California
                                       WILLIAM C. KWONG
                                       Supervising Deputy Attorney General


                                       */s/ Macklin Thornton*
                                       MACKLIN THORNTON
                                       Deputy Attorney General
                                       *Attorneys for Defendants*
                                       *E. Heidler and E. Kranz*

LA2025400772

4

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants E. Heidler and E. Kranz,
certifies that this brief contains 730 words, which:

_X_ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated [date].

Dated: July 2, 2026                    Respectfully submitted,

                                       ROB BONTA
                                       Attorney General of California


                                       */s/ Macklin Thornton*
                                       MACKLIN THORNTON
                                       Deputy Attorney General
                                       *Attorneys for Defendants*
                                       *E. Heidler and E. Kranz*