ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
  600 West Broadway, Suite 1800
  San Diego, CA 92101
  Telephone:  (619) 321-5166
  Fax:  (916) 732-7920
  E-mail:  Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br><br>Plaintiff,<br><br>v.<br><br>**E. KRANZ, et al.,**<br><br>Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DEFENDANTS' (1) STATEMENT OF NONOPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND (2) FIRST *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>[*No Oral Argument Per Court's Procedures*]<br><br>Judge:        The Honorable Angela C. C. Viramontes<br>Trial Date:    Not set<br>Action Filed: 3/10/2025 |

Plaintiff Robert Anthony Goins, an incarcerated person proceeding *pro se*, brings this action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983. Dkt. Nos. 1, 32.  Plaintiff seeks an extension of time to file an opposition to Defendants' motion for summary judgment.  Dkt. No. 82.  Defendants do not oppose Plaintiff's request.  However, Defendants move *ex parte* for an

1

extension of time to file their reply in support of their motion for summary judgment.

## DEFENDANTS' STATEMENT OF NONOPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME

Plaintiff seeks an extension of time to file an opposition to Defendants' motion for summary judgment.  Dkt. No. 82.  Specifically, Plaintiff seeks an extension from August 3, 2026 to August 26, 2026.  Dkt. No. 82 at 2; *see* Dkt. No. 39 at 4 ("Any opposition to the motion shall be filed and served within thirty calendar days after service of the motion . . . .").  Defendants do not oppose Plaintiff's request to extend the deadline to file and serve his opposition to on or before August 26, 2026.

## DEFENDANTS' *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

Defendants request a short extension of time to file a reply in support of their summary-judgment motion.  The current scheduling order gives Defendants fifteen days to file a reply after Plaintiff serves his opposition.  Dkt. No. 39 at 4.  With Defendants' nonopposition to Plaintiff's extension request, the new reply deadline may deprive Defendants sufficient time to prepare a reply because of Defendants' counsel's scheduled vacation.

Courts have the inherent power to modify the due dates on its docket, which is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  An upcoming deadline in a court's scheduling order may be modified upon a showing of good cause. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4).  "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts*." Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010).  The "good cause" analysis under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

Cir. 1992).  As a secondary consideration, courts consider the degree of prejudice to the opposing party.  *Id*.  Ultimately, the court is given broad discretion to modify a scheduling order.  *Id*. at 607.

As demonstrated in the accompanying declaration of counsel, good cause supports Defendants' request for an extension of the deadline to file a reply in support of their summary-judgment motion.  *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4).  This is Defendants' first request for an extension of the deadline to file a reply in support of the motion.  *See* Dkt.

Defendants do not object to Plaintiff's request for an extension to file an opposition brief.  *See supra*.  However, this extension requires Defendants to also seek an extension to file their reply brief.  With Plaintiff's requested extension and the associated delays in mail service, Defendants will likely have less time to draft a reply because Defendants' counsel has a scheduled vacation around time he expects to receive Plaintiff's opposition.  (Declaration of Macklin W. Thornton in Support of Defendants' (1) Statement of Nonopposition to Plaintiff's Motion for an Extension of Time and (2) First *Ex Parte* Application for Extension of Time to File a Reply in Support of Their Motion for Summary Judgment ¶¶ 2–3.)

Defendants' counsel of record is the lead counsel and the only attorney assigned to represent Defendants in this matter, and Defendants would be prejudiced by being unable to reply to any opposition while Defendants' counsel is unavailable having limited time to prepare the reply.  (*Id.* ¶ 4.)  Defendants do not anticipate the requested extension having a significant effect on the progress of this case given that this is the first request for an extension of the reply deadline.  (*Id.* ¶ 5.)  Defendants' counsel is attempting to provide notice as quickly as practicable by serving this motion on Plaintiff—who is incarcerated—via his designated mailing address.  (*Id.* ¶ 6.)

3

Accordingly, Defendants respectfully request an extension of the deadline to file a reply in support of their motion for summary judgment to within twenty-one days after Plaintiff's opposition is entered on the docket.

Dated: August 4, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General


*/s/ Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772

4