ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General
MACKLIN THORNTON
Deputy Attorney General
State Bar No. 327927
600 West Broadway, Suite 1800
San Diego, CA 92101
Telephone: (619) 321-5166
Fax: (916) 732-7920
E-mail: Macklin.Thornton@doj.ca.gov
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| **ROBERT ANTHONY GOINS,**<br>Plaintiff,<br>**v.**<br>**E. KRANZ, et al.,**<br>Defendants. | 2:25-cv-02168-SB-ACCV<br><br>**DEFENDANTS' SECOND *EX PARTE* APPLICATION FOR EXTENSION OF TIME TO FILE A REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>[*No Oral Argument Per Court's Procedures*]<br><br>Judge: The Honorable Angela C. C. Viramontes<br>Trial Date: Not set<br>Action Filed: 3/10/2025 |

## INTRODUCTION

Plaintiff Robert Anthony Goins, an incarcerated person proceeding *pro se*, brings this action against Defendants E. Kranz and E. Heidler pursuant to 42 U.S.C. § 1983. (Dkt. Nos. 1, 32.) Defendants move *ex parte* for a one-week extension of time to file their reply in support of their motion for summary judgment.

## BACKGROUND

In the original scheduling order, the Court gave Defendants fifteen days to file a reply "after service of the opposition." (Dkt. No. 39 at 4.). On July 2, 2026 and before the summary-judgment deadline, Defendants moved for summary judgment. (Compare *id.* at 4 (setting the summary-judgment deadline), *with* Dkt. Nos. 76, 78–81 (Defendants' motion).) Under the original scheduling order, Plaintiff's opposition was due on August 3, 2026. (Dkt. No. 39 at 4; Dkt. No. 84 at 1.).

Plaintiff then moved for an extension of time to file his opposition, seeking an extension from August 3, 2026 to August 26, 2026. (Dkt. No. 82 at 3.). In response, Defendants did not oppose Plaintiff's sought extension. (Dkt. No. 83 at 2). But Defendants also requested an extension of time to file a reply in support of their motion for summary judgment. (*Id.* at 2–4.)

The Court granted Plaintiff's motion and extended Plaintiff's opposition deadline to August 26, 2026. (Dkt. No. 84 at 1.) The Court further stated that "Defendant's reply, if any, shall be served and filed within fourteen (14) days *of the filing* of plaintiff's opposition." (*Id.* (emphasis added).)

On September 10, 2026, Plaintiff's opposition was entered on the docket, which was when Defendants received notice of the opposition. (Dkt. Nos. 86–87 (docket text); Declaration of Macklin W. Thornton in Support of Defendants' Second *Ex Parte* Application for Extension of Time to File a Reply in Support of Their Motion for Summary Judgment (Thornton Decl.) ¶ 2.) The Clerk's Office

deemed the opposition "filed" as of September 4, 2026. (Dkt. No. 86 at 1; Dkt. No. 87 at 1.) Accordingly, Defendants' reply brief is currently due September 18, 2026.

## LEGAL STANDARD

Courts have the inherent power to modify the due dates on its docket, which is "incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). An upcoming deadline in a court's scheduling order may be modified upon a showing of good cause. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" analysis under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). As a secondary consideration, courts consider the degree of prejudice to the opposing party. *Id.* Ultimately, the court is given broad discretion to modify a scheduling order. *Id.* at 607.

## ARGUMENT

As demonstrated in the accompanying declaration of counsel, good cause supports Defendants' request for an extension of the deadline to file a reply in support of their summary-judgment motion. *See* Fed. R. Civ. P. 6(b)(1)(A), 16(b)(4). This is Defendants' second request for an extension of the deadline to file a reply in support of the motion. (*See* Dkt. No. 83 at 2–4.)

Defendants did not object to Plaintiff's request for a three-week extension to file his opposition brief. (*Id.* 2.) With the associated delays in mail service, subsequent docketing delays for mailed items, and Defendants' counsel's workload in other actions, Defendants have less time to draft a reply. (Thornton Decl. ¶¶ 2–3.)

Defendants' counsel of record is the lead counsel and the only attorney assigned to represent Defendants in this matter, and Defendants would be prejudiced by having limited time to prepare the reply. (*Id.* ¶ 3.) Defendants do not anticipate the requested extension having a significant effect on the progress of this case—especially where Defendants filed their summary-judgment motion early and Plaintiff received an extra three weeks to draft his opposition. (*Id.* ¶ 4.) Defendants' counsel is attempting to provide notice as quickly as practicable by serving this motion on Plaintiff—who is incarcerated—via his designated mailing address. (*Id.* ¶ 5.)

## CONCLUSION

Accordingly, Defendants respectfully request a one-week extension of the deadline to file a reply in support of their motion for summary judgment from September 18, 2026 to September 25, 2026.

Dated: September 11, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
WILLIAM C. KWONG
Supervising Deputy Attorney General

/s/ *Macklin Thornton*
MACKLIN THORNTON
Deputy Attorney General
*Attorneys for Defendants*
*E. Heidler and E. Kranz*

LA2025400772